PER CURIAM.
White appeals the trial court’s order for equitable distribution entered subsequent to a workers’ compensation order granting benefits and to the settlement of a personal injury suit. Section 440.39(3)(a), Fla.Stat. (1977). Appellant asserts as error the trial court’s failure to reduce to present value the amount to which the employer is entitled as repayment for the payment of future benefits to the employee. We reverse and remand with instructions to the trial court to determine the value of future compensation and to enter an order reducing the carrier’s award to reflect the present value of future compensation to be paid.
White was injured in November, 1978, while in the course and scope of his employment with the City of Jacksonville. Jacksonville began paying workers’ compensation benefits. Appellant then sued a third party and Jacksonville moved for equitable distribution pursuant to Section 440.39, Florida Statutes (1977). The employee recovered damages from the third party. Subsequently, the trial court calculated the amount payable to Jacksonville for benefits already paid and for those which would be due in the future. The trial court then ordered this total amount, not reducing the amount for future benefits to present value, paid to Jacksonville.
Section 440.39(3)(a) and (4)(a), Florida Statutes (1977), provide that the employer or carrier may file a lien in an action instituted by the employee or, in certain circumstances, may itself file suit to recover its prorata share of any recovery obtained in a third party tortfeasor action.
Section 440.39(4)(a), provides the employer or carrier may recover:
All amounts paid as compensation and medical benefits under the provision of *96 this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made ....
Although Section 440.39(4)(a), addresses only those situations in which the suit is initiated by the employer or carrier, the various parts of that subsection, when read in para materia, require that any recovery by the carrier or employer for the payment of future benefits be reduced to present value.
The District Court of Appeal, Second District, has treated the issue effecting a similar result. See, Ramar-Dooley Construction Co. v. Norris, 341 So.2d 546 (Fla. 2nd DCA 1977). In Ramar-Dooley, the court affirmed the trial court’s order requiring the employee to keep in escrow a portion of the employee’s award obtained in a third party action to assure repayment of the carrier’s prorata share of future benefits. We note that Section 440.39(4)(a) requires that the portion of the equitable distribution alloted for repayment of future benefits to be reduced to present value and requires that amount to be “retained as a trust fund from which future payments of compensation are to be made. ... ” Accordingly, we adopt the method utilized in Ramar-Dooley for providing repayment to the employer for future compensation benefits. The order below is REVERSED to the extent it is inconsistent with this opinion. The cause is REMANDED for recalculation of the amount to be equitably distributed to the City of Jacksonville.
SHAW and JOANOS, JJ., and BEN C. WILLIS, Associate Judge, concur.