420 So.2d 374 (1982)
RISK MANAGEMENT SERVICES, Inc., Appellant,
v.
Nealy McCraney and Inez McCraney, His Wife, Appellees.
No. AK-29.
District Court of Appeal of Florida, First District.
October 12, 1982.
Dennis K. Larry of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellant.
Stanley Bruce Powell of Powell, Powell & Powell, Niceville, for appellees.
THOMPSON, Judge.
Risk Management Services, Inc., (appellant) appeals from a final judgment contending that the trial court erred in determining the amount of its lien pursuant to § 440.39, Fla. Stat., and in failing to provide for a lien on future benefits to be paid. We affirm as to the first issue, but reverse as to the second.
Appellee Nealy McCraney, while working as a truck driver, sustained compensable injuries in a vehicular accident caused by the negligence of a third party. McCraney received workers' compensation benefits from appellant. He thereafter sued the third party tort-feasor and her employer, which suit, because of limits of insurance coverage and collectability, was subsequently settled for less than the full value of McCraney's damages. When appellant and McCraney were unable to agree as to the amount the appellant should recover from the settlement proceeds, the issue was submitted to the trial court. At the hearing on the matter, the only disputed issue concerned the full amount of McCraney's damages. Both parties agreed that once the trial judge had determined the true value of the claim, the carrier's pro rata share of McCraney's actual recovery was to be computed according to the formula set out in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976). The lower court's final order, which was expressly predicated on the authority of National Ben, provided that appellant was to recoup $5,679.93 of the $26,465.72 it had paid out. This order amounted to a finding that appellant was entitled to recover 21.5% of benefits paid.
*375 Appellant now urges us to find the trial judge in error, on grounds that the National Ben formula is based on the 1975 version of § 440.39, and is incorrect under the 1979 version of the statute which is applicable in this case. This we shall not do. Although appellant correctly argues that National Ben was no longer applicable because of changes in the statute, Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla.3d DCA 1982); Risk Management Services, Inc. v. Scott, 414 So.2d 220 (Fla. 1st DCA 1982), the record in this case clearly demonstrates that appellant induced the error by representing to the trial judge that National Ben was controlling. Appellant contends that no change in the law occurred until publication of the opinion in Lee v. Risk Management. This suggestion is incorrect. The law on which National Ben was based was changed on July 1, 1977, the effective date of § 440.39(3)(a), Fla. Stat. (1977), or approximately four years prior to the date of the hearing wherein appellant argued the applicability of National Ben. Accordingly, we conclude that this is a clear case of "invited error," see e.g., Behar v. Southeast Banks Trust Company, N.A., 374 So.2d 572 (Fla.3d DCA 1979), and affirm as to this issue.
We do, however, find that the trial judge erred in failing to include in his order a provision allowing the carrier to recover or retain a pro rata portion of any future compensation benefits which it may be obligated to pay to McCraney. Section 440.39(3)(a), Fla. Stat. (1979) clearly contemplates a lien on future benefits providing: "The employer or carrier shall recover... what it has paid and future benefits to be paid ... ." (emphasis supplied)
Therefore, this case is remanded with instructions to the trial court to allow appellant to deduct from any future benefits to be paid its pro rata share of McCraney's recovery on the tort claim. Having invited the error in the computation of its share of the settlement proceeds, appellant shall be bound by it, and shall reduce any future benefits to be paid by 21.5%. The appellant shall recommence payment of full benefits, if and when the sum of the amounts recovered and retained pursuant to its lien equals McCraney's net recovery on the tort claim.
Affirmed in part, reversed in part and remanded.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.