PER CURIAM.
Appellant, American States Insurance Company, appeals from a final judgment contending that the trial court erred in determining the amount of its lien pursuant to Section 440.39, Florida Statutes (1979), and in failing to provide for a lien on future benefits to be paid. We affirm as to the first issue, but reverse as to the second.
The only issue warranting discussion is the trial court’s failure to include in its order a provision allowing the carrier to recover a pro rata portion of any future compensation benefits which it may be obligated to pay to the employee. Section 440.-39(3)(a), Florida Statutes (1979), clearly contemplates a lien on future benefits providing: “The employer or carrier shall recover ... what it has paid and future benefits to be paid .... ” (Emphasis supplied.)
Therefore, this case is remanded with instructions to the trial court to allow appellant to deduct from any future benefits to be paid its pro rata share of the employee’s recovery on the tort claim. The appellant shall recommence payment of full benefits, if and when the sum of the amounts recovered and retained pursuant to its lien equals net recovery on the tort claim. Risk Management Services, Inc. v. McCraney, 420 So.2d 374 (Fla. 1st DCA, 1982).
Appellee Clark Johnson’s cross appeal raises the issue that the trial court erred in failing to award attorney’s fees. Section 440.39(3)(a), Florida Statutes (1979), does not authorize such an award. See State, Department of Health & Rehabilitative Services v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981); Edmondson v. Swope, 395 So.2d 553 (Fla. 5th DCA 1980); Universal Engineering Corp. v. Carter, 380 So.2d 1160 (Fla. 3d DCA 1980). Accordingly, the trial court did not err in not awarding attorney’s fees.
Affirmed in part and reversed in part.
LETTS, C.J., and DELL and WALDEN, JJ., concur.