468 So.2d 226 (1985)
AETNA INSURANCE COMPANY, Petitioner,
v.
James NORMAN and Natalie Norman, His Wife, Respondents.
No. 64990.
Supreme Court of Florida.
April 25, 1985.
*227 Richard B. Wingate, Jr. of Underwood, Gillis, Karcher and Valle, Miami, for petitioner.
Jay Dermer of the Jay Dermer Law Offices, Miami Beach, for respondents.
McDONALD, Justice.
We have for review Aetna Insurance Co. v. Norman, 444 So.2d 1124 (Fla. 3d DCA 1984), based upon express and direct conflict with Risk Management Services, Inc. v. McCraney, 420 So.2d 374 (Fla. 1st DCA 1982). This case deals with the extent of a workers' compensation insurer's lien[*] on the proceeds of a third party settlement when that settlement is less than full value of the claim because of the claimant's comparative negligence. We are particularly concerned with the amount and duration of the adjustment to future workers' compensation benefits. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
James Norman was injured in a work-related accident and received $26,795.17 in workers' compensation benefits from Aetna Insurance Company. James and Natalie Norman brought suit against a third party tortfeasor for their damages caused by the work-related accident. The Normans settled the third party suit for $75,000 and asked the trial court to determine the amount of Aetna's workers' compensation lien under subsection 440.39(3)(a), Florida Statutes (1981).
After a hearing on this issue, the trial court found the net tort recovery on the $75,000 settlement reduced to $38,732.53 by $36,267.47 in attorney's fees and costs. The trial court also found the Norman's aggregated claims had a total value of $150,000 and that James Norman was fifty percent comparatively negligent in the accident. The trial court went on to set the total value of James Norman's pain and suffering claim at $45,000 and Natalie Norman's derivative claim at $15,000. Using these figures in the equitable distribution formula from Orange County v. Sealy, 412 So.2d 25 (Fla. 5th DCA 1982), the trial court determined that Aetna had a present workers' compensation lien due in the amount of $2,947.47 (eleven percent of the compensation paid to date), plus the right to reduce all future workers' compensation benefits by eleven percent until the entire lien becomes satisfied when Aetna is reimbursed $31,232.53. The trial court entered a final judgment in conformity with its findings.
Aetna appealed. The district court reversed, holding that the Sealy equitable distribution formula used by the trial court is not authorized by subsection 440.39(3)(a). *228 That statute does not permit the trial court to offset or prorate the value of pain and suffering or derivative claims from the net recovery received from a third party tortfeasor. The district court found instead that subsection 440.39(3)(a) entitled Aetna to receive from the net tort recovery of $38,732.53 an amount equal to 100 percent of the benefits paid or to be paid, reduced by Norman's fifty percent comparative negligence. Therefore, Aetna should recover $13,397.59 (fifty percent of the $26,795.17 in workers' compensation benefits paid to date) now from the tort settlement, plus fifty percent of any future compensation benefits to be paid Norman by reducing such payments in half until Aetna has recovered a total of $19,366.26, fifty percent of the net tort recovery. The district court remanded the case to the trial court with directions. Aetna seeks review of the limit placed on its compensation lien for future compensation benefits.
Aetna agrees that the district court correctly applied subsection 440.39(3)(a) in holding Aetna had a present lien on the third party settlement equal to fifty percent of the workers' compensation benefits it had paid Norman because Norman's fifty percent comparative negligence reduced his recovery for the full value of his damages from the third party to the same extent. Aetna also agrees with the reduction in future compensation benefits by fifty percent. Aetna asserts error in the district court's use of Norman's fifty percent comparative negligence to limit the amount of Aetna's lien on future workers' compensation to fifty percent of Norman's net tort recovery. Aetna argues that this resulted in a double reduction of its compensation lien not authorized by subsection 440.39(3)(a). We agree.
The workers' compensation lien set out in subsection 440.39(3)(a) applies to both present and future benefits. The case cited for conflict, Risk Management Services, Inc. v. McCraney, correctly applied the statutory compensation lien on future benefits. McCraney held that the workers' compensation carrier had a present lien on the net tort recovery for the benefits it had paid, reduced to the extent that the claimant failed to recover the full value of damages from the third party tortfeasor. In addition to this present lien the carrier in McCraney also had a lien on any future benefits, which were to be reduced by the percentage that the claimant did not obtain a full recovery from the tortfeasor. The carrier must "recommence payment of full benefits, if and when the sum of the amounts recovered and retained pursuant to its lien equals [the claimant's] net recovery on the tort claim." 420 So.2d at 375. This net tort recovery cap on compensation liens has been followed in other cases. Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983); American States Insurance Co. v. Johnson, 426 So.2d 1222 (Fla. 4th DCA 1983); Lee v. Risk Management, Inc., 409 So.2d 1163 (Fla. 3d DCA 1982).
While Aetna has only a fifty percent lien on benefits paid and payable, its lien should extend until there is no fund upon which a lien could attach, that is, the amount of the net recovery made. The district court in the present case should have used the net tort recovery by the claimant as the amount which must be satisfied before the carrier need recommence full payment of future benefits. We agree with the rest of the decision under review and quash only the point discussed above. We disapprove Orange County v. Sealy to the extent that it conflicts with this decision.
Accordingly, the decision under review is approved in part, quashed in part, and remanded for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] § 440.39(3)(a), Fla. Stat. (1981), provides, among other things, for such a lien in third party tort actions under the following conditions:

Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party.