WIGGINTON, Judge.
In this equitable distribution case brought under section 440.39(3)(a), Florida Statutes (1985), the workers’ compensation insurance carrier and the employer challenge the trial court’s order holding that the carrier may recoup the portion of its lien attaching to future medical expenses by paying to the medical provider a pro rata share of future medical expenses along with the employee, Roger Jernigan, rather than the carrier’s receiving a lump sum payment for future medical benefits reduced to present value from the proceeds of the third party lawsuit. In addition to the trial court’s order being erroneous on that basis, the carrier argues that the court’s decision encroaches upon the exclusive jurisdiction of the deputy commissioner under section 440.25(1), Florida Statutes, with respect to the employee’s entitlement to future medical benefits under the Workers’ Compensation Law. We affirm.
In American States Insurance Company v. Woodard, 433 So.2d 20 (Fla. 1st DCA 1983), we noted that section 440.39(3)(a) is silent as to how pro rata distribution is to be carried out. Later, in Aetna Insurance Company v. Norman, 468 So.2d 226 (Fla. 1985), the supreme court held that this Court’s decision in Risk Management Services, Inc. v. McCraney, 420 So.2d 374 (Fla. 1st DCA 1982), “correctly applied the statutory compensation lien on future benefits.” Aetna Insurance Company v. Norman, 468 So.2d at 228. Based on Aetna and McCraney, the trial court was correct in allowing the carrier “to deduct from any future benefits to be paid its pro rata share” of Jernigan’s recovery on the tort claim. McCraney, 420 So.2d at 375; see also Brandt v. Phillips Petroleum Company, 511 So.2d 1070 (Fla. 3d DCA 1987) (employer entitled to withhold pro rata percentage from each future payment).
Appellants argue that our decision in White v. City of Jacksonville, 413 So.2d 95 (Fla. 1st DCA 1982), stands for the proposition that recovery by the carrier of future benefits must be reduced to present value. White, indeed, stands for that proposition, but only under the circumstances present in that case where the trial court calculated the amount payable to the city for future benefits and ordered that total amount to be paid without reducing it to present value. The issue now before us— whether the court erred in ordering the carrier to recoup its lien on future benefits by deducting from those benefits its pro rata share — was not present in White. As noted in Woodard, the manner in which the pro rata distribution is carried out is largely an issue resting within the trial court’s sound discretion. If the court deems it best to allow recovery for the total amount of the lien, including future benefits, it must reduce that amount to its present value and follow the procedure in White. Otherwise, the trial court, as here, may utilize the approved method in Aetna and McCraney.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.