565 So.2d 737 (1990)
PAYLESS OIL COMPANY and Cigna, Appellants,
v.
Harry R. REYNOLDS, Appellee.
No. 89-03096.
District Court of Appeal of Florida, Second District.
June 22, 1990.
Rehearing Denied August 23, 1990.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
Lisa A. Jayson and C. Samuel Newman of L.D. Beltz & Associates, St. Petersburg, for appellee.
PARKER, Judge.
Payless Oil Company and Cigna, its workers' compensation insurer, appeal a trial court order of equitable distribution of the settlement proceeds that Harry R. Reynolds recovered in a negligence action against a third-party tortfeasor for injuries Reynolds suffered in an automobile accident while employed by Payless. We reverse the order as to the amount of money immediately recoverable by the insurer from the settlement proceeds and in regards to the total amount that the insurer will be permitted to recover.
Under section 440.39(3)(a), Florida Statutes (1983),[1] a workers' compensation carrier is entitled to a lien on third-party settlement proceeds for both past workers' compensation benefits paid and those to be paid in the future. Pursuant to this statute, Payless filed a notice of payment of compensation and medical benefits in the action that Reynolds filed against the third-party tortfeasor. When Reynolds settled the *738 negligence action but could not reach an agreement with Payless as to the amount of money needed to settle Payless's lien, Reynolds moved the court to determine the amount of the workers' compensation lien.
The trial court made the following findings which are relevant to this appeal:
1. The total value of Reynolds' claim was $1,000,000;
2. The carrier had paid $135,280.44 in indemnity and medical benefits;
3. The total amount of the workers' compensation lien was $101,460.33;[2]
4. The gross settlement of the third-party action was $447,000;
5. The total amount of attorney's fees and costs incurred in recovering the settlement was $217,114.44.
The trial court ordered Reynolds to pay the carrier $30,000, the amount previously placed in an interest bearing account, plus accrued interest and then for the carrier to retain 30.5% of future indemnity benefits until the carrier recovered a total of $101,460.33, the amount of the lien.
Preliminarily we note that the trial court's calculation of the equitable distribution rate, which it determined to be 30.5%, appears to be in error;[3] however, Reynolds did not cross-appeal that issue. We, therefore, shall not disturb that finding by the trial court. The trial court did err in other aspects of the order in areas which have been preserved for our review.
The trial court mistakenly limited the carrier's total recovery to $101,460.33, which only accounts for past benefits paid. The carrier's lien, however, applies to both past and future benefits with the net tort recovery amount as a cap. See Aetna Ins. Co. v. Norman, 468 So.2d 226, 228 (Fla. 1985). Thus, the carrier may recover a total of $229,885.56,[4] the amount of the net settlement in Reynolds' action against the third party.
The carrier is not entitled to receive that amount of money all at once. The carrier should receive $41,260.53 immediately. We arrived at that figure by taking 30.5% of the total workers' compensation benefits already paid. Then the carrier may reduce future indemnity benefits[5] by 30.5% until the carrier has recovered a total of $229,885.56. The carrier must recommence payment of full benefits once it has recouped an amount equal to Reynolds' net tort recovery. See Norman, 468 So.2d at 228. We find no merit in the other contentions raised by Payless and Cigna.
Reversed and remanded for correction of the order consistent with this opinion.
FRANK, A.C.J., and HALL, J., concur.
NOTES
[1] Specifically, this section, in effect at the time the claimant sustained his accident on April 27, 1984, provides in part:

Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney. In determining the employer's or carrier's pro rata share of those costs and attorney's fees, the employer or carrier shall have deducted from its recovery a percentage amount equal to the percentage of the judgment which is for costs and attorney's fees. Subject to this deduction, the employer or carrier shall recover from the judgment, after costs and attorney's fees incurred by employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee.
§ 440.39(3), Fla. Stat. (1983).
[2] The trial judge arrived at this figure by reducing the benefits paid ($135,280.44) by 25%, the percentage of comparative negligence that the court attributed to Reynolds.
[3] A review of Manfredo v. Employer's Casualty Insurance Company, Workers' Compensation Lienholder, 560 So.2d 1162, (Fla. 1990) clearly establishes that the percentage is determined by the following formula:

net settlement = equitable distribution
total value of the claim. rate
 Applying that formula to this case the result
 would be
$ 229,885.56
_____________ = 22.98%
$1,000,000.00

[4] This figure is obtained by subtracting the amount of attorney's fees and costs incurred in recovering the settlement ($217,114.44) from the gross settlement amount ($400,000).
[5] We have limited the source of recovery to be from future indemnity benefits because that was the trial judge's ruling, and we find no abuse of discretion on that matter.