585 So.2d 1163 (1991)
Ron C. VOLK, Appellant,
v.
Virginia GALLOPO, Appellee.
No. 90-3015.
District Court of Appeal of Florida, Fourth District.
September 18, 1991.
*1164 F. Kendall Slinkman of Slinkman, Thillman & Beamer, P.A., West Palm Beach, and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Lorri M. Moores of the Law Offices of David A. Danielson, West Palm Beach, and Diane H. Tutt of Diane H. Tutt, P.A., Fort Lauderdale, for appellees-Art Moran Auto Plaza and Adjustco, Inc.
GUNTHER, Judge.
Ron Volk appeals the trial court order denying his motion to set an equitable distribution hearing. Volk's motion was made after the entry of a final order of dismissal with prejudice as to Virginia Gallopo, but before the resolution of his uninsured/underinsured motorist benefits claim.
In denying Volk's motion to set an equitable distribution hearing, the trial court ruled that the hearing to determine the amount of the workers' compensation carrier's (Adjustco) equitable distribution lien should be postponed until the resolution of Volk's uninsured/underinsured motorist claim. The trial court reasoned that the formula for computing the equitable distribution lien should include any uninsured motorist benefits Volk might recover in the future. Accordingly, the trial court entered an order suspending and holding in abeyance Volk's request for an equitable distribution hearing. We reverse.
The issue presented in this case is whether the amount recovered by Volk in his uninsured/underinsured motorist claim must be included in the formula to compute the equitable distribution rate as set forth in the workers' compensation statute, section 440.39(3)(a), Florida Statutes (1987). Under the statute, "a workers' compensation carrier is entitled to a lien on third-party settlement proceeds for both past workers' compensation benefits paid and those to be paid in the future." Payless Oil Co. v. Reynolds, 565 So.2d 737, 737 (Fla. 2nd DCA 1990). The language of section 440.39(3)(a) creates an equitable distribution formula to be applied when an employee has not received the full value of his damages because of comparative negligence *1165 or the limits of insurance coverage and collectibility. The formula for the equitable distribution rate is net settlement (gross settlement  attorney's fees and costs) divided by the total value of the employee's claim. Reynolds, 565 So.2d 737, 738. The result of this computation is the equitable distribution rate which is then multiplied by the workers' compensation benefits to determine the amount of the workers' compensation carrier's equitable distribution lien.
Initially, Ron Volk sued Virginia Gallopo seeking damages for injuries he received in an automobile accident. Volk, because of the limits of Gallopo's insurance coverage and a comparative negligence defense, settled with Gallopo for her insurance policy limits of $100,000, and entered into a stipulation regarding outstanding liens and for dismissal of the case as to Gallopo. The stipulation acknowledges that Volk has settled for less than the full value of his claim and that he has received certain worker's compensation benefits pursuant to Chapter 440 of the Florida Statutes for which a claim of lien has been filed by Volk's employer and Adjustco. In the stipulation, Volk expressly reserves the right to proceed against other potential defendants including but not limited to any uninsured/underinsured motorist carriers and PIP carriers.
In motioning the trial court for an equitable distribution hearing, Volk acknowledged that an issue has arisen between plaintiff and Adjustco about what figure is to be used in the formula to compute the amount of the equitable distribution lien to be recovered by Adjustco. Volk argues that only the $100,000 settlement figure should be used in the formula to determine the equitable distribution rate and to compute the amount of the equitable distribution lien to be awarded Adjustco. Adjustco, however, disagrees with the contention that only the $100,000 settlement from Gallopo should be used in the formula. Instead, Adjustco argues that in addition to the $100,000 settlement, the amount of any future uninsured/underinsured motorist benefits recovered by Volk should also be included in the figure used in the formula. According to Adjustco, since Volk has a possibility of recovering an additional $400,000 or $500,000 in uninsured motorist benefits, the hearing should be postponed until the amount of that recovery is known and can be factored into the formula to determine the equitable distribution rate and to compute the amount of Adjustco's equitable distribution lien.
In pertinent part, the order suspending and holding in abeyance the equitable distribution hearing states:
The Court recognizes that pursuant to 627.727(1) the Plaintiff cannot recover these workers' compensation benefits paid to him as part of his uninsured motorist claim.
Nevertheless, the Court concludes that the formula for equitable distribution which this Court should use in accordance with Manfredo and Nikula should include any benefits which the Plaintiff/employee ultimately receives in the possible future uninsured motorist litigation i.e. to determine if Plaintiff received the full value of his case. Thereupon it is,
ORDERED AND ADJUDGED that Plaintiff's motion for equitable distribution hearing is denied at this time. No equitable distribution hearing will be held until such time as the uninsured motorist claim or litigation is disposed of or the Statute of Limitations for filing such claim has elapsed. At that time the court will set an equitable distribution hearing and will consider as part of the equitable distribution formula the benefits, if any, received from the uninsured motorist carrier. Per agreement of the parties none of the uninsured motorist proceeds will be utilized to satisfy any worker's compensation lien. The uninsured motorist recovery amount will only be used in the formula to determine if Plaintiff recovered the full value of his case.
Volk asserts that the trial court erroneously denied his motion to set an equitable distribution hearing when it entered an order suspending and holding in abeyance the equitable distribution hearing. According *1166 to Volk, since he cannot recover workers' compensation benefits paid to him as a part of his uninsured motorist claim, he contends that the amount recovered as his uninsured motorist benefits should not be included in the figure used in the formula to compute the amount of Adjustco's equitable lien. Although Adjustco readily admits that it has no right to a lien on the proceeds of a future uninsured/underinsured motorist claim, Adjustco disagrees with Volk's contention that such prohibition also precludes including the additional amount of the uninsured/underinsured recovery in the formula for determining the equitable distribution rate and for computing the amount of the equitable distribution lien.
We conclude that the amount recovered by Volk in his uninsured/underinsured claim cannot be included in the formula to determine the equitable distribution rate and to compute the amount of the equitable distribution lien. Florida's uninsured/underinsured motorist law is "designed for the protection of injured persons, not for the benefit of insurance companies or motorists who cause damage to others." Brown v. Progressive Mut. Ins. Co., 249 So.2d 429, 430 (Fla. 1971). Thus, it follows that a recovery stemming from uninsured/underinsured motorist coverage should not be included in the formula for equitable distribution under section 440.39(3)(a), Florida Statutes. This is so because such an inclusion could, in fact, create a lien upon the proceeds recovered from any uninsured/underinsured benefits and could unfairly benefit the insurance company.
Furthermore, section 440.39(3)(a) does not provide for the inclusion in the equitable distribution formula of the amount of any recovery of uninsured/underinsured motorist benefits. Section 440.39(3)(a) states, in pertinent part:

In all claims or actions at law against a third-party tortfeasor, the employee ... shall sue for the employee individually and for the use and benefit of the ... employer's insurance carrier, in the event compensation benefits are claimed or paid .. . the employer or carrier shall recover from the judgment ... (emphasis added)
Section 440.39(3)(a) provides that the workers' compensation carrier shall recover from the judgment "[i]n all claims or actions at law against a third-party tortfeasor." Thus, the equitable distribution rate is as follows: judgment against third-party tort-feasor/full value of damages. The uninsured motorist carrier is not a third-party tort-feasor. Therefore, because the uninsured motorist carrier is not a third-party tort-feasor, proceeds from any uninsured motorist coverage is not included in the equitable distribution formula.
Additionally, Florida's uninsured motorist law explicitly provides that a workers' compensation carrier shall not benefit from uninsured motorist coverage. Section 627.727(1), Florida Statutes (Supp. 1988), provides, in pertinent part:
Such coverage shall not inure directly or indirectly to the benefit of any workers' compensation ... carrier ...
If any uninsured motorist proceeds are included in determining the equitable distribution rate the numerator (judgment or settlement with Gallopo + uninsured motorist proceeds) would increase while the denominator (full value of claim) would remain the same. Thus, the equitable distribution rate would be increased which would in turn increase the amount of Adjustco's lien. Therefore, because section 627.727(1) prevents uninsured motorist benefits from benefitting any workers' compensation carrier, and because including uninsured motorist proceeds in the equitable distribution formula would benefit Adjustco by increasing its lien, this Court should hold that the equitable distribution formula should not include any uninsured motorist proceeds.
In summary, we hold that the amount recovered by Volk from his uninsured/underinsured motorist benefits cannot be included in the formula to determine the equitable distribution rate and to compute the amount of Adjustco's equitable distribution lien. Accordingly, the trial *1167 court erred in denying Volk's motion to set an equitable distribution hearing and in entering the order suspending and holding in abeyance the equitable distribution hearing until such time as the uninsured motorist claim is disposed or the statute of limitations for filing such a claim has elapsed.
REVERSED AND REMANDED.
DOWNEY, J., concurs.
LETTS, J., concurs in conclusion only.