COBB, Judge.
In 1987 James Gwaltney was injured by a negligent third party tortfeasor while in the course and scope of his employment as a cement truck driver for Tarmac of Florida, Inc. As a consequence, workers’ compensation benefits were paid and will continue to be paid in the future by Tarmac’s carrier, Liberty Mutual Insurance Company.
Gwaltney sued the tortfeasor and Liberty Mutual filed a lien in that action pursuant to section 440.39(3)(a), Florida Statutes (1987), the pertinent portion of which provides:
... Upon suit being filed, the employer or insurance carrier as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for the plaintiff’s attorney. In determining the employer’s or carri *908 er’s pro rata share of those costs and attorney’s fees, the employer or carrier shall have deducted from its recovery a percentage amount equal to the percentage of the judgment which is for costs and attorney’s fees. Subject to this deduction, the employer or carrier shall recover from the judgment, after costs and attorney’s fees incurred by the employee or dependent in that suit have been deducted, 100% of what it has paid and future benefits to be paid, unless the employee can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectability. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party ...
The third party action resulted in a verdict for Gwaltney in an amount of $482,-000.00 for past and future damages, and a finding that the tortfeasor was 60% negligent. The tortfeasor paid the judgment in full. The parties agreed that Gwaltney’s net recovery, after deducting his percentage of comparative negligence and attorney fees and costs, was 34% of his total damages, both past and future. The trial court determined that Liberty Mutual was entitled to recover 34% of the benefits it had previously paid to Gwaltney. The court also found that the parties had agreed that Liberty Mutual was entitled to a lien on “the future benefits it pays to or on behalf of Gwaltney with the net recovery as a cap.” (The net recovery was $164,569.00).
Despite this finding, the trial court was persuaded by Gwaltney’s argument that Liberty Mutual’s 34% setoff should be applied only against its future indemnity payments to him, and not against future health care payments made on his behalf. Instead, the court granted Liberty Mutual a credit equal to 34% of all future health care benefits incurred by Gwaltney and paid by Liberty Mutual, and the court ordered such credit to be set off against the future indemnity benefits owed by Liberty Mutual to Gwaltney. The court’s rationale for this order was that a requirement that Gwaltney pay 34% of his future medical bills “may have a substantial chilling impact on his ability to obtain necessary quality health care in the future.” In limiting Liberty Mutual’s recovery of future benefits to a reduction of its indemnity payments, and disallowing any reduction of future health care payments, the trial court cited as authority the case of Payless Oil Co. v. Reynolds, 565 So.2d 737 (Fla. 2d DCA 1990).
The issue before us, quite simply, is whether the trial court has the discretion, under section 440.39(3)(a), to limit a carrier’s lien on future benefits to indemnity (compensation) benefits to the exclusion of medical benefits. Based upon the literal wording of the statute, which expressly states that the term “benefits” includes both compensation and medical benefits and provides that the carrier’s pro rata recovery applies against each, it is clear that such pro rata recovery applies to future, as well as past, benefits. Aetna Insurance Co. v. Norman, 468 So.2d 226, 228 (Fla.1985). We also agree with the policy argument advanced by Liberty Mutual in its brief:
For the trial court in the instant case to impose a limitation on the carrier by directing which benefits the carrier can assert its future credit on medical against is contrary to the black letter law and decided cases. It imposes a severe administrative burden upon the carrier and eliminates the incentive to enter into a lump sum settlement of indemnity benefits since it would destroy future lien rights.
We acknowledge conflict with the opinion of the Second District in Payless.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
COWART and HARRIS, JJ., concur.