BLUE, Judge.
The City of Lakeland and its compensation carrier, Johns Eastern Company, Inc. (Eastern), appeal a final order limiting recovery of their workers’ compensation lien to future indemnity benefits. They contend the trial court erred in refusing to subject future medical benefits to the lien. We agree and reverse. In so doing, we recede from our prior opinion in Payless Oil Co. v. Reynolds, 565 So.2d 737 (Fla. 2d DCA 1990), and adopt the ruling of the Fifth District in Tarmac of Florida v. Gwaltney, 604 So.2d 907 (Fla. 5th DCA 1992).
Gary H. Morris was seriously injured during the course and scope of his employment as a lineman with the City of Lakeland. Lakeland and Eastern paid Morris indemnity and medical workers’ compensation benefits for his injuries. Morris filed a third party product liability claim against General Electric Company and received an $800,000 jury verdict. Lakeland and Eastern filed a lien against the judgment proceeds seeking reimbursement for the workers’ compensation benefits paid.
The parties agreed that Lakeland and Eastern were entitled to recover 50 percent of the previously paid workers’ compensation benefits in satisfaction of the lien. The parties further agreed that Lakeland and Eastern were authorized to withhold the same percentage from future indemnity benefits. They were, however, unable to reach an agreement regarding the application of that percentage to future medical benefits. The trial court agreed that Lakeland and Eastern were entitled to recover from future indemnity benefits, but denied the right to recover from future medical benefits.
In reaching its decision, the trial court relied on our prior opinion in Payless which held that the workers’ compensation carrier may reduce future benefits by its equitable distribution rate until the carrier has recouped an amount equal to the plaintiffs net tort recovery. In a footnote, this court stated, “We have limited the source of recovery to be from future indemnity benefits because that was the trial court’s ruling, and we find no abuse of discretion on that matter.” Payless, 565 So.2d at 738, n. 5.
Subsequent to Payless, the Fifth District held that the trial court does not have the discretion to limit a carrier’s lien on future benefits to indemnity benefits to the exclusion of medical benefits. Tarmac of Florida v. Gwaltney, 604 So.2d at 907. The court based its decision on section 440.39(3)(a), Florida Statutes (1991), which expressly states that the term “benefits” includes both compensation and medical benefits, and provides that the carrier’s pro rata recovery applies against each. We now agree the applicable statute does not allow the trial court the discretion to exclude future medical benefits and limit recovery of the workers’ compensation lien to only future indemnity benefits. Therefore, we recede from footnote 5 in Payless.
Having receded from the decision relied on by the trial court, we are required to reverse and remand for entry of an order in conformance with this opinion. In reversing on this point, we have reviewed and concluded to be without merit Lakeland’s argument concerning postjudgment interest. Accordingly, we affirm the court’s denial of postjudgment interest, reverse the ruling denying recovery of future medical benefits, and remand for further proceedings.
FRANK, C.J., and RYDER, DANAHY, CAMPBELL, SCHOONOVER, HALL, THREADGILL, PARKER, PATTERSON and ALTENBERND, JJ., concur.