CASANUEVA, Judge.
Scott Stapleton was severely injured in the course of his employment with the City of Lakeland. He received workers’ compensation benefits as a result of the accident, and he later sued and settled his claims against Crane Carrier Company, the manufacturer of the refuse truck on which he was working when he was injured. In the lawsuit against Crane Carrier, the City of Lakeland and the Claims Center, as employer and workers’ compensation carrier, filed a notice of lien for payment of compensation and medical benefits pursuant to section 440.39(3)(a), Florida Statutes (2002). After Mr. Stapleton settled his case against Crane Carrier, the trial court entered an order determining the equitable distribution of the employer/carrier’s lien, from which the City of Lakeland and the Claims Center have appealed. Because the circuit court erroneously refused to subject Mr. Stapleton’s future medical benefits to the lien, we reverse.
The circuit court found that the employer/carrier was entitled to a lien in the amount of $1484 “on the future indemnity proceeds” received by Mr. Stapleton. The employer/earrier has not disputed the amount of the lien, but it contends that the court erred when it limited its recovery to future indemnity proceeds and failed to subject the plaintiffs future medical benefits to its lien.
The plaintiff has conceded that the employer/carrier’s position has merit, and we agree. In City of Lakeland v. Morris, 627 So.2d 572, 573 (Fla. 2d DCA 1993), this court held, en banc, that the applicable statute, section 440.39(3)(a), “does not allow the trial court the discretion to exclude medical benefits and limit recovery of the workers’ compensation lien to only future indemnity benefits.” In so holding we agreed with the Fifth District’s decision in *785 Tarmac of Florida/Liberty Mutual Insurance Co. v. Gwaltney, 604 So.2d 907 (Fla. 5th DCA 1992), and receded from our earlier decision to the contrary, Payless Oil Co. v. Reynolds, 565 So.2d 737 (Fla. 2d DCA 1990). At the plaintiffs urging, the circuit court in this case erroneously relied upon Payless.
Accordingly, we reverse the order determining equitable distribution of the lien and remand for entry of an order consistent with City of Lakeland v. Morris, 627 So.2d at 572.
Reversed and remanded.
STRINGER and SILBERMAN, JJ„ Concur.