# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-2377
Lower Tribunal No. 16-CA-001000

_____

LIBERTY MUTUAL INSURANCE COMPANY,

Appellant,

v.

ROBERT A. LEE, ASCO SERVICES, INC., EMERSON NETWORK POWER SOLUTIONS, INC., ELECTRICAL RELIABILITY SERVICES, INC., THYSSENKRUPP ELEVATOR CORPORATION, and BRUCE ALEXSON,

Appellees.

_____

Appeal from the Circuit Court for Lee County.
Keith R. Kyle, Judge.

February 7, 2025

BROWNLEE, J.

Liberty Mutual Insurance Company appeals the trial court's final judgment determining its equitable distribution of a settlement agreement and deciding its lien amount under our workers' compensation law. Specifically, Liberty Mutual challenges the trial court's decision to consider only the benefits paid up to the date of the settlement, rather than the full amount of benefits paid, when calculating its

lien amount. Because the trial court's ruling excluded certain benefits paid by Liberty Mutual in contravention of the statutory language, we reverse.

Appellee Robert A. Lee entered an elevator one day on the ground floor of the medical center where he worked. After the elevator began to ascend, it suddenly came to an abrupt halt, stopped for a moment, and then plunged into a free fall. The elevator bounced off the ground floor and stopped upon hitting the ground a second time. Lee was injured in the accident.

At the time, Liberty Mutual was the workers' compensation liability carrier for Lee's employer, and it began paying benefits both to Lee and on his behalf. Lee eventually sued the elevator operator, and Liberty Mutual filed a lien on the case, under section 440.39(3)(a), Florida Statutes. After that case settled,[1] Liberty Mutual sought its pro rata share of the settlement amount for the benefits it paid. But by that time, the lien had increased substantially, and a dispute arose as to the amount Liberty Mutual was owed. That amount is determined by a specific formula set forth in section 440.39(3)(a).

Liberty Mutual filed a motion for equitable distribution in the trial court to resolve the dispute. After a hearing on that motion, the trial court ordered Lee and Liberty Mutual to non-binding arbitration to determine the "full case value" of Lee's suit against the elevator operator, or, as the statute puts it, the "full value of damages

---

[1] The terms of the settlement agreement are confidential.

2

sustained" by Lee, as this number must be plugged into the statutory formula to calculate the lien amount. *See* § 440.39(3)(a), Fla. Stat.

Ultimately, the arbitrator determined the full value of damages Lee sustained, and both parties accepted that determination. Then, armed with that critical piece of the puzzle, Lee and Liberty Mutual sought to calculate Liberty Mutual's reimbursement amount. They agreed on several amounts to be used in the formula, including that Liberty Mutual was entitled to 11.61% of the benefits paid as its equitable distribution from the settlement proceeds. But then another dispute arose.

Lee took the position that Liberty Mutual should only be reimbursed for 11.61% of the benefits it paid through the date of Lee's settlement with the elevator operator. Liberty Mutual, on the other hand, argued it should be reimbursed for 11.61% of the benefits it paid through the date of the equitable distribution. Thus, the parties could not agree on the proper "valuation date." And here's why it matters: after the date of the settlement agreement, Liberty Mutual paid over $300,000 in benefits both to Lee and on his behalf. Under Lee's interpretation of the statute, Liberty Mutual would not be reimbursed its 11.61% of those benefits.

To resolve this dispute, Lee filed a motion for final judgment and for equitable distribution in the trial court. Liberty Mutual then filed an affidavit informing the trial court that, from the date of Lee's settlement with the elevator operator to the day it filed the affidavit, Liberty Mutual paid over $300,000 in workers'

3

compensation benefits. After a hearing on the motion, the trial court agreed with Lee and found Liberty Mutual was only entitled to recover the agreed-upon percentage of its lien as of the date of the settlement, rather than the date of the equitable distribution;[2] thus, Liberty Mutual was not entitled to its 11.61% of the $300,000 it paid between those dates. Liberty Mutual now challenges that determination.

"We review the application of the workers' compensation lien statute de novo and any trial court findings of fact under the substantial competent evidence standard of review." *Luscomb v. Liberty Mut. Ins. Co.*, 967 So. 2d 379, 380 (Fla. 3d DCA 2007); *see also Boyle v. Samotin*, 337 So. 3d 313, 317 (Fla. 2022) ("Our standard of review is de novo for questions of statutory interpretation . . . ." (citing *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018))).

On appeal, Liberty Mutual argues the trial court's order violates section 440.39(3)(a) because the statute requires Liberty Mutual's pro rata share to be determined based on the full amount of "benefits paid or to be paid." It argues Lee's suggestion that the date of settlement should be the valuation date finds no support in the statute. We agree with Liberty Mutual.

---

[2] The trial court also found that, going forward, Liberty Mutual was entitled to a future credit for any future benefits paid to Lee up to the amount of Lee's net recovery, as required by the statute. Neither party has challenged that finding here.

4

"The 'plain meaning of the statute is always the starting point in statutory interpretation.'" *Alachua Cnty. v. Watson*, 333 So. 3d 162, 169 (Fla. 2022) (quoting *GTC, Inc. v. Edgar*, 967 So. 2d 781, 785 (Fla. 2007)). While section 440.39(3)(a) is lengthy and requires us to tease out a statutory formula, it is nonetheless clear and unambiguous, and we simply apply it as written.

Broadly speaking, section 440.39(3)(a) entitles a workers' compensation carrier "to a lien on third-party settlement proceeds for both past workers' compensation benefits paid and those to be paid in the future." *Volk v. Gallopo*, 585 So. 2d 1163, 1164 (Fla. 4th DCA 1991) (citation omitted). Under the statute, that lien is for "100 percent of what [the carrier] has paid and future benefits to be paid," § 440.39(3)(a), but the statute "creates an equitable distribution formula to be applied when," as in this case, the employee can demonstrate to the court that he did not recover the full value of damages sustained. *Volk*, 585 So. 2d at 1164–65. When that happens, the statute provides that the "carrier *shall recover* from the judgment or settlement, after costs and attorney's fees incurred by the employee . . . in that suit have been deducted, *a percentage of what it has paid* and future benefits to be paid equal to the percentage that the employee's net recovery is of the full value of the employee's damages . . . ." § 440.39(3)(a), Fla. Stat. (2023) (emphasis added).[3] The

---

[3] The relevant portion of the statute provides:

statute therefore requires the total amount of benefits paid by the carrier to be factored into the formula, in order to determine the carrier's lien amount.

Although section 440.39(3)(a) does not identify a valuation date for determining the amount of benefits paid—and we will not read such a date into the statute—section 440.39(3)(a) is clear that Liberty Mutual is to be reimbursed its pro rata share based on all benefits paid. Thus, the problem here is that the trial court's

---

Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his or her dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits *paid or to be paid* under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney. In determining the employer's or carrier's pro rata share of those costs and attorney's fees, the employer or carrier shall have deducted from its recovery a percentage amount equal to the percentage of the judgment or settlement which is for costs and attorney's fees. Subject to this deduction, the employer or carrier shall recover from the judgment or settlement, after costs and attorney's fees incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, except, if the employee or dependent can demonstrate to the court that he or she did not recover the full value of damages sustained, the employer or *carrier shall recover from the judgment or settlement*, after costs and attorney's fees incurred by the employee or dependent in that suit have been deducted, *a percentage of what it has paid* and future benefits to be paid equal to the percentage that the employee's net recovery is of the full value of the employee's damages . . . .

§ 440.39(3)(a), Fla. Stat. (emphasis added).

6

failure to include the benefits Liberty Mutual paid in the 755 days between the date of the settlement and the date of the equitable distribution resulted in the exclusion of over $300,000 from the statutory formula. Nothing in the statute supports that exclusion. In fact, the exclusion of those benefits contravenes the express directive of section 440.39(3)(a)—that the carrier shall recover a percentage of what it has paid. We find the trial court erred in calculating the statutory formula using only a portion of the benefits paid.

Moreover, we agree with Liberty Mutual that section 440.39(3)(a) precludes double recovery by injured employees who have recovered statutory benefits under the workers' compensation law but also have claims against responsible parties other than the employer. The trial court's order here permits such double recovery from the date of the settlement to the date of the equitable distribution, creating a potential windfall for Lee.

Finally, despite his argument throughout this case, Lee has seemingly abandoned his claim that Liberty Mutual should be reimbursed only for benefits paid through the date of the settlement agreement. At oral argument, Lee's counsel conceded Liberty Mutual was entitled to its pro rata share of the full amount of benefits paid, including the benefits it paid between the date of the settlement agreement and the date of the equitable distribution. That position cannot be squared

7

with Lee's earlier argument that Liberty Mutual was not entitled to any reimbursement for benefits paid during that 755-day period.

Given the applicable statutory language, we reverse the final judgment and remand this matter for the trial court to recalculate the equitable distribution using the total amount of benefits paid by Liberty Mutual.

REVERSED and REMANDED.

NARDELLA, J., and LAMBERT, B.D., Associate Judge, concur.


Michael B. Stevens, Shirley Jean McEachern, and Anne-Marie Dale, of Derrevere Stevens Black & Cozad, West Palm Beach, for Appellant.

Thomas E. Shepard and Alexander Brockmeyer, of Boyle, Leonard & Anderson, P.A., Fort Myers, for Appellee, Robert A. Lee.

No Appearance for Appellees, ASCO Services, Inc., Emerson Network Power Solutions, Inc., Electrical Reliability Services, Inc., Thyssenkrupp Elevator Corporation, and Bruce Alexson.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED