PER CURIAM.
The employer/carrier appeals an order of the deputy commissioner finding that the *181 receipt and acknowledgment of a claim with the deputy commissioner is sufficient to toll the two-year statute of limitations even though, through no fault of the deputy commissioner, the claim was not received by the Division in its office in Tallahassee until after expiration of the limitation period. We reverse for the reasons stated herein.
Claimant suffered a compensable injury in August of 1977. The last date of remedial treatment was May 18,1979. On May 15, 1981, a claim for benefits was received by the carrier and the local deputy commissioner, who timely forwarded same to the Division at Tallahassee. The claim was not received by the Division until May 19, 1981, one day after the limitation period.
Section 440.19(l)(a) and (c), Florida Statutes (1977), are to be read in para materia as establishing both the time limitation and place of filing for statute of limitation purposes. See Thompson v. Alonzo Cothron, Inc., 5 FCR 347 (May 6, 1965). Section 440.19(l)(c) clearly mandates that the claim “shall be filed with the Division at its office in Tallahassee.” The only statutory exception is that which permits the tolling of the statute of limitations where a claim was received by the deputy commissioner, who thereafter failed to timely forward same to the Division. Sections 440.19(l)(d) and (e), Florida Statutes (1977). The facts of this case do not fall within that exception. Nor does the fact that the carrier received notice that the claim was being filed prior to expiration of the limitation period excuse compliance with the statute on the basis that the employer/carrier was not prejudiced. As stated by Professor Larson in his treatise on Workers’ Compensation § 78.30:
Failure to file a claim for compensation within the statutory period cannot be excused by an argument that the employer was not harmed by the lateness of the filing. Like any statute of limitation, this one carries a conclusive presumption that a defendant is prejudiced by reason of the enhanced difficulty of preparing a defense, (emphasis added)
Accordingly, the order of the deputy commissioner is reversed with directions to dismiss the claim.
MILLS, BOOTH and THOMPSON, JJ., concur.