ERVIN, Judge.
The employer and its insurance carrier (E/C), E.M. Watkins and Liberty Mutual Insurance Company, appeal a workers’ compensation order in which the judge of compensation claims (JCC) concluded that the claim of appellee, Vivian Wolf, was not barred by the two-year statute of limitations, and directed the E/C to provide medical treatment. We reverse and remand.
Wolf suffered a compensable industrial accident on November 2, 1981. Pursuant to the provisions of Section 440.19(2)(b), Florida Statutes (1981), an employee’s right to remedial treatment is barred if no claim is filed within two years from the date of injury, unless the worker files a claim within two years of the last payment of compensation or the last remedial attention furnished by the *1081 employer. The final medical treatment Wolf received was from Dr. Ochs on February 1, 1989, and the carrier sent payment for that on March 6, 1989. More than two years later, on May 6, 1991, Wolf filed a claim for benefits, requesting authorization for further treatment and evaluation by Dr. Ochs, as well as penalties, interest, costs, and fees. The E/C asserted below and on appeal that the claim was barred by the two-year statute of limitations. We agree.
Wolf testified that she repeatedly called Dr. Ochs’s office between November 1990 and January 1991, but was told he was either out of town or his calendar was booked. Claimant said that when she called the office on or after February 1, 1991, she was told the statute of limitations had run.
Based upon claimant’s testimony, the JCC concluded that Wolf had satisfied the “statutory exception” to the two-year limitation period. The JCC relied on Tower Chemical Co. v. Hubbard, 527 So.2d 886 (Fla. 1st DCA 1988), which he interpreted as holding that the statutory restriction does not apply once a claimant obtains continuing remedial attention from an authorized physician for a permanent medical condition resulting from an industrial accident.
Wolf seeks affirmance based upon the JCC’s reasoning and, in the alternative, argues that her claim for benefits should not be barred because she sought medical care in good faith within the limitation period. We cannot agree with claimant as to either of her two contentions.
In Tower Chemical, the employee had filed his claim for benefits within the two-year period, and this court’s concern was directed only to the meaning of the term “remedial attention” in section 440.19(2)(b). In a passage the JCC and claimant at bar rely upon, the court stated:
[T]he statutory exception for furnishing remedial attention is satisfied if the doctor was authorized by the employer to provide continuing medical supervision and treatment of a permanent medical condition caused by the accident!,] and the examination, evaluation and advice was given pursuant to that continuing doctor-patient relationship.
Id. at 888-89. The statement quoted above, however, cannot be disassociated from the facts of that case wherein the remedial attention was given within the two-year limitation period. The court was simply stating that it refused to adopt a construction of “remedial attention” which would require active treatment rather than conservative treatment in the form of examination, evaluation, or advice.
Additionally, there is no express or implied good-faith exception to the provisions of the limitation statute. If such an exception exists, this court would surely have so stated in Cecil W. Perry, Inc. v. Lopez, 425 So.2d 180 (Fla. 1st DCA 1983), wherein, although Lopez had timely filed his claim with the JCC and the JCC forwarded it within the limitation period to the division, the claim was held barred because the division received it one day after the statutory period ' had expired. This court, while acknowledging that section 440.19(2)(b) may “exalt form over substance,” has recognized that a claimant must “go through the form of receiving remedial care every two years in order to preserve the right to further benefits.” Mahoney v. Sears, Roebuck & Co., 438 So.2d 174 (Fla. 1st DCA 1983), review denied, 447 So.2d 887 (Fla.1984). To engraft an exception to the two-year period of limitation to claimants who assert that they called their physicians to no avail for remedial care within the period would, in our judgment, result in an invitation to fraudulent claims and lead as well to an evisceration of the statute.
REVERSED and REMANDED with directions that Wolfs claim for benefits be denied.
LAWRENCE, J., and SHIVERS, Senior Judge, concur.