MILLS, Judge.
Public Gas Company and Union Fire Insurance Company (E/C) appeal from a workers’ compensation order awarding the claimant, Shaw, permanent total disability (PTD) benefits, and denying the E/C’s motion to compel surgery. We affirm.
Shaw injured his left hand and wrist in an industrial accident on 31 August 1980. According to his treating psychiatrist, Dr. Stillman, Shaw developed post-traumatic stress disorder as a result of the accident. In Stillman’s opinion, the disorder was so severe that it prevented Shaw from performing even light work without interruption. Based on Stillman’s testimony, the deputy awarded PTD benefits from the date of maximum medical improvement.
The E/C argue the PTD award is erroneous because the evidence allegedly does not show Shaw’s inability to work is due to physical limitation as required by Section 440.15(l)(b), Florida Statutes (Supp.1980). In Racz v. Chennault, Inc., 418 So.2d 413 (Fla. 1st DCA 1982), however, this Court reversed an order denying PTD benefits where the treating psychiatrist said the claimant had a “psychogenic pain disorder or hysterical conversion neurosis and would remain 100 percent psychiatrically disabled.” The Court said:
The employer/carrier also urges affirmance of the order below on grounds “physical” as opposed to merely “psychiatric” impairment is essential for an award of permanent total disability pursuant to Section 440.15(l)(b), Florida Statutes. However, it is well settled that, where there has been a physical accident and claimant’s disability is increased or prolonged by traumatic neurosis or conversion hysteria, the claimant’s full disability, including the effects of the neurosis, is compensable. ... Since the AMA Guides also include criteria for assigning permanent impairment based on psychiatric or mental illness, this contention is without merit.
418 So.2d at 415.
The E/C contend Racz is distinguishable because, unlike the case now under consideration, the claimant could not work because of actual pain. This distinction is superficial because the pain was nevertheless a symptom of the claimant’s psychiatric problems. We interpret Racz to mean, and we agree, that Section 440.-15(l)(b) does not preclude PTD benefits when a claimant is unable to work because of a psychiatric disorder related to a com-pensable physical injury.
We do not agree with the E/C that this interpretation of Section 440.15(l)(b) proves too much because it renders the “physical limitation” language of that statutory provision unnecessary. The language clearly precludes PTD benefits when a claimant’s inability to work is due to economic conditions. Cf., Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982).
The E/C next assert the order should be vacated because it is stale. The order appealed was not entered until 63 days after the close of evidence. Although in a proper case we have authority to find an order entered after the 30-day period of Section 440.25(3)(b), Florida Statutes (1979), stale and to remand for a new hearing, Rappoport v. American Hospital, 406 So.2d 1244 (Fla. 1st DCA 1981), the interests of justice do not require such action in this case. In addition, we reject the E/C’s contention that the order is unamenable to appellate review.
*1245 Finally, we uphold the deputy’s denial of the E/C’s motion to compel Shaw to undergo further surgery. The two treating orthopedic surgeons recommended Shaw undergo a hand operation known as an Oppens Transfer. The evidence, however, showed Shaw had already undergone surgery, for the most part unsuccessful, to repair the injured hand. Also, Dr. Stillman testified he did not recommend the Oppens Transfer, and that Shaw’s psychiatric condition would likely deteriorate should he be required to submit to the operation. Under these circumstances, the deputy did not abuse her discretion in refusing to require the operation.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.