982 So.2d 36 (2008)
FERRELL GAS and Gallagher Bassett Services, Inc., Appellants,
v.
Norman CHILDERS, Appellee.
No. 1D07-1824.
District Court of Appeal of Florida, First District.
April 7, 2008.
Rehearing Denied May 15, 2008.
Jeffrey E. Appel of Appel & Gaines, LLP, Lakeland, for Appellants.
Mark L. Zientz of Law Offices of Mark L. Zientz, P.A., Miami; and Alex Lancaster and Amy L. Sergent of Lancaster & Eure, P.A., Sarasota, for Appellee.
PER CURIAM.
The employer/carrier challenge a workers' compensation order awarding permanent total disability benefits. They argue the judge of compensation claims should not have considered the claimant's vocational abilities in connection with his physical limitations in awarding benefits. Because these factors were properly considered, the appealed order is affirmed.
The claimant suffered an industrial injury in 2004, for which the employer/carrier accepted compensability and provided medical care and indemnity benefits. However, they denied permanent total disability benefits on the basis that the claimant is physically capable of sedentary work. After an evidentiary hearing, the judge determined that while the claimant's physical limitations alone do not preclude him from engaging in sedentary work, the combination of his physical limitations and vocational abilities render him permanently and totally disabled.
The current and applicable version of section 440.15(1)(b), Florida Statutes, provides a list of injuries which presumptively qualify a claimant for permanent total disability benefits. The statute then provides that, in all other cases, the claimant "must establish that he or she is not able to engage in at least sedentary employment, within a 50-mile radius of the employee's residence, due to his or her physical limitation." § 440.15(1)(b), Fla. Stat. Prior to *37 1994, section 440.15(1)(b) required a claimant who did not have a listed injury "to establish that he is not able uninterruptedly to do even light work available within a 100-mile radius of the injured employee's residence due to physical limitation." § 440.15(1)(b), Fla. Stat. (1993).
Under the pre-1994 version of section 440.15(1)(b), permanent total disability benefits may be based on physical restrictions and vocational factors which combine to preclude the level of work provided in the statute. See Commercial Carrier Corp. v. LaPointe, 723 So.2d 912 (Fla. 1st DCA 1999); Shaw v. Publix Supermarkets, Inc., 609 So.2d 683 (Fla. 1st DCA 1992). The pertinent language in the current version of section 440.15(1)(b) is similar to the language under which this court has recognized that it is appropriate to consider both physical and vocational factors.
Accordingly, such factors were properly considered in this case, and the order is affirmed.
ALLEN and WEBSTER, JJ., concur; THOMAS, J., concurs in result only.