HAWKES, C.J.
In this workers’ compensation appeal, we are required to interpret section 440.093, Florida Statutes, enacted by the Florida Legislature as part of the 2003 Chapter 440 reforms. Section 440.093 discusses the four situations when mental or nervous injuries arise. Because both parties appear to have misunderstood how the chapter now handles these types of claims, we reverse and remand this matter to the JCC for further proceedings.
Facts
Claimant, a registered nurse, worked in a treatment center that houses patients with behavioral and mental disorders. While at work, a violent patient attacked her and struck her in the neck and throat. As a result of the accident, she was diagnosed with a laryngeal contusion and vocal cord hematoma. These physical injuries required medical treatment. The employer/carrier accepted these claims as com-pensable. In addition to the claims based on her physical injuries, the Claimant claimed psychiatric injuries and requested treatment with a psychiatrist. The employer/carrier denied the psychological claims, alleging the psychiatric injuries were not compensable.
At a hearing before a JCC, both parties’ arguments focused on section 440.093(2), Florida Statutes, which authorizes coverage for psychiatric injuries that manifest themselves as a result of a physical injury otherwise compensable under Chapter 440. In light of both parties’ arguments, the JCC denied the compensability of the psychiatric injuries, concluding “[tjhere is no evidence ... that Claimant’s laryngeal contusion and vocal cord hematoma alone constitute at least 50% of the cause of her PTSD [Post Traumatic Stress Disorder], dysthymic disorder, anxiety disorder or personality disorder.” Claimant now challenges the JCC’s ruling, arguing the JCC erred in its application of section 440.093(2).
Because this issue requires us to interpret and apply section 440.093, our review is de novo. See Socolow v. Flanigans *769 Enters., 877 So.2d 742, 743 (Fla. 1st DCA 2004).
Section 440.093
The Workers’ Compensation Law is designed to provide defined benefits for certain injuries caused by workplace accidents. See Chapter 440, Fla. Stat. (2007). Although recovery for psychiatric injuries is limited and restricted under the law, certain psychiatric injuries, which the statute refers to as “mental or nervous injuries,” are compensable. Id.
Section 440.093 was added to the chapter as part of the 2003 reforms. This section addresses “mental or nervous injuries” and clarifies when these injuries are either compensable, or when they affect compensability. Id. Section 440.093(1) contains three sentences, with each sentence addressing different situations when mental or nervous injuries may arise in the workplace. Section 440.093(2) defines a fourth situation involving mental or nervous injuries. The following discussion addresses the extent of coverage for these four situations.
The first sentence in section 440.093(1) provides: “A mental or nervous injury due to stress, fright, or excitement only is not an injury by accident arising out of the employment.” This first provision precludes coverage for mental or nervous injuries caused only by mental trauma. In other words, an employee will not receive compensation for a mental or nervous injury that is caused by “stress, fright or excitement” alone. Examples might include a situation where an employee experiences mental trauma after being robbed at gunpoint but does not suffer a physical injury requiring medical treatment; or perhaps a situation where an employee suffers a mental or nervous injury as a consequence of witnessing some horrific event at the workplace. Although the legislature recognizes that such mental or nervous injuries exist, they are not com-pensable pursuant to Chapter 440.
The second sentence in section 440.093(1) provides: “Nothing in this section shall be construed to allow for the payment of benefits under this chapter for mental or nervous injuries without an accompanying physical injury requiring medical treatment.” This second provision recognizes and makes compensable mental or nervous injuries that accompany a separate physical injury serious enough to require medical treatment. Critically important to the interpretation of this provision is the recognition that a workplace accident can cause an employee to suffer both a physical injury and a separate mental or nervous injury. The statute sets conditions regarding standards and proof requirements, but generally if a separate mental or nervous injury occurs at the same time as a physical injury requiring medical treatment, the mental or nervous injury will also be compensable. For example, if an employee, in the course and scope of employment, is sexually assaulted at the workplace and suffers a physical injury that requires medical treatment, the physical injury is certainly compensable. See § 440.09, Fla. Stat. (2007). If the employee also suffers a mental or nervous injury separate and apart from the physical injury, the mental or nervous injury would be compensable because it would meet the section 440.09 requirements and also comply with section 440.093(1). In this hypothetical situation, the employee would have simultaneously suffered two compensable workplace injuries: one physical and one mental.
The third sentence in section 440.093(1) provides: “A physical injury resulting from mental or nervous injuries unaccompanied by physical trauma requiring medical treatment shall not be com-pensable under this chapter.” This third *770 provision precludes coverage when a mental or nervous injury (not accompanied by a physical injury requiring medical treatment) causes a subsequent physical injury. Thus, an employee, under this provision, will not receive compensation for a physical injury if that physical injury occurred solely as a result of the employee experiencing mental or nervous trauma at the workplace. An example of this situation may be where an employee becomes stressed or nervous about something occurring at work and the stress or nervousness causes the employee to suffer a heart attack or other internal failure. In this hypothetical, the physical injury (the heart attack) was caused by the mental or nervous injury (stress, fright, excitement) and would not be compensable under Chapter 440.
Subsection 440.093(2) defines a fourth situation involving mental or nervous injury. This subsection authorizes coverage for mental or nervous injuries which are the manifestation of a physical injury otherwise compensable under Chapter 440. Under the Workers’ Compensation Law, a “manifestation” is a disease or infection that “naturally or unavoidably” results from an initial, compensable workplace injury, not a synonym for the initial compen-sable injury. § 440.02(19), Fla. Stat. (2007);
Subsection 440.093(2) provides:
Mental or nervous injuries occurring as a manifestation of an injury compensa-ble under this chapter shall be demonstrated by clear and convincing medical evidence by a licensed psychiatrist ... The compensable physical injury must be and remain the major contributing cause of the mental or nervous condition and ... must be at least 50 percent responsible for the mental or nervous condition as compared to all other contributing causes combined.
Pursuant to this provision, an employee who suffers an initial physical injury requiring medical treatment may recover for any mental or nervous injury that manifests, so long as the initial physical injury is the major contributing cause of the mental or nervous injury. See A. Duda & Sons, Inc. v. Kelley, 900 So.2d 664, 667-68 (Fla. 1st DCA 2005) (explaining that a “manifestation” occurs where a psychological injury, such as a depressive disorder, results naturally or unavoidably from a serious physical injury). For example, if an employee loses a limb operating heavy machinery and, over time, the loss of the limb causes the employee to become clinically depressed or mentally unstable (a natural manifestation of the physical injury), the mental or nervous injury will also be compensable under Chapter 440. Another example may arise in a situation where an employee suffers a physical injury that causes long term chronic pain. If the chronic pain eventually results in the employee suffering a mental or nervous injury requiring treatment, the mental or nervous injury would be compensable as the manifestation of the physical injury.
The Injury at Issue
Here, the parties seem to have conflated the provision enumerated in the second sentence of section 440.093(1) (mental or nervous injury accompanying a physical injury) with that in section 440.093(2) (mental or nervous injury manifesting as a result of an earlier physical injury).
The Claimant argues that the JCC erred in finding her mental injuries were not covered under section 440.093(2). As noted, section 440.093(2) addresses only those mental injuries that manifest as a result of a physical injury requiring medical treatment. Thus, in order to support her claim for coverage under section 440.093(2), the Claimant would have had to prove her mental injury was the manifestation of the bruising and temporary loss of voice that she suffered during the attack.
*771 At the hearing before the JCC, the Claimant did not present any evidence to support her claim that a compensable mental or nervous injury had manifested as a result of her physical injuries. Instead, the record indicates she presented evidence that she may have suffered a separate mental or nervous injury that accompanied (occurred at the same time as) the physical injuries to her neck and throat. In fact, two different psychiatrists testified that the Claimant’s mental or nervous injuries were the result of the accident (the attack at her workplace), not the result of the physical injury to the Claimant’s neck. Because these mental or nervous injuries may have occurred at the same time as the physical injuries that required medical treatment, the mental or nervous injuries could only be compensable under the second sentence in section 440.093(1). Therefore, the JCC was correct in finding they could not, without further evidence, be compensable under section 440.093(2).
In sum, the Claimant presented evidence relating directly to the type of mental or nervous injury defined in the second provision of section 440.093(1), but made an argument based on the type of injury defined in section 440.093(2). Accordingly, the JCC was correct in finding there was insufficient evidence to support the Claimant’s argument that she was entitled to compensation pursuant to the later. However, because it appears that both the Claimant and the employer/carrier were uncertain as to the nuances of section 440.093, we REVERSE and REMAND this matter for further proceedings, including the taking of additional evidence if necessary.
VAN NORTWICK and THOMAS JJ., concur.