VAN NORTWICK, J.
In this workers’ compensation matter, Sarasota County School Board and Opta-comp, jointly the Employer/Carrier (E/C), argue that the Judge of Compensation Claims (JCC) erred for multiple reasons in awarding Kathryn Roberson, Claimant, permanent total disability benefits (PTD) benefits. Finding no error, we affirm the JCC’s order. We write, however, to address one of the E/C’s arguments — that the JCC erred in considering Claimant’s psychiatric limitations[1] in assessing Claimant’s entitlement to PTD benefits.
Claimant, a teacher’s aide, injured her right wrist on October 7, 2009, when she attempted to assist co-workers in restraining a violent child. The wrist injury required two surgical procedures. Claimant’s authorized orthopedic surgeon, Dr. Klein, opined that she reached a point of orthopedic maximum medical improvement on February 22, 2011, and assigned a 9% permanent impairment rating.
In May 2010, Dr. Klein recommended a psychological evaluation. The E/C accepted as compensable Claimant’s psychiatric condition and, in August 2010, authorized care with a psychiatrist and a mental health counselor. Claimant was placed at psychiatric maximum medical improvement in July 2012. Claimant filed a petition for benefits in August 2012 seeking entitlement to PTD benefits. In February 2013, the E/C filed a motion asking to amend its defenses to now deny compensa-bility of Claimant’s psychiatric condition based on the opinion of its independent medical examiner. By order signed February 22, 2013, the JCC granted the motion and permitted the amendment. In the appealed order, the JCC found Claimant’s psychiatric condition remained com-pensable and found Claimant entitled to PTD benefits.
The E/C argued below, and now argues on appeal, that Claimant was required to prove her entitlement to PTD benefits based solely on her physical limitations, relying on the following language found in section 440.15(l)(b), Florida Statutes (2009):
In all other cases [cases in which the injury is not one of the injuries presumed to be totally disabling], in order to obtain permanent total disability benefits, the employee must establish that he or she is not able to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence, due to his or her physical limitation.
*589 The JCC rejected the E/C’s argument, reasoning that this statutory provision was sufficiently similar to the 1980 version of the statute which this Court, in Public Gas Co. v. Shaw, 464 So.2d 1243 (Fla. 1st DCA 1985), determined did not preclude an award of PTD benefits when the psychiatric condition was related to the compensa-ble physical injury. Further, the JCC explained, the Legislature in 2003 took the opportunity to address psychiatric injuries at some length and limited the duration of temporary benefits paid for psychiatric injuries, but did not similarly limit PTD benefits. See § 440.093(3), Fla. Stat (2003). The JCC’s reasoning is sound.
Prior to 1994, a claimant who did not have a listed injury was required “to establish that he is not able uninterruptedly to do even light work available within a 100-mile radius of the injured employee’s residence due to physical limitation.” § 440.15(l)(b), Fla. Sta. (1993). In Shaw, 464 So.2d at 1243, this Court addressed whether the statutory reference to “physical limitation” precluded consideration of “psychiatric” limitations. This Court held that “[sjection 440.15(l)(b)[, Florida Statutes (Supp. 1980)[2],] does not preclude PTD benefits when a claimant is unable to work because of a psychiatric disorder related to a compensable physical injury.” Id. at 1244. The Shaw Court’s conclusion was based on “well settled [case law] that, where there has been a physical accident and claimant’s disability is increased or prolonged by traumatic neurosis or conversion hysteria, the claimant’s full disability, including the effects of the neurosis, is compensable.” Racz v. Chennault, Inc., 418 So.2d 413, 415 (Fla. 1st DCA 1982).
The requirement that there be a physical injury is the constant in these cases and, in fact, was expounded on in the 2003 amendments to chapter 440. Section 440.093 was enacted to specifically address “Mental and Nervous Injuries.” See Ch. 03-412, § 18, at 3916, Laws of Fla. In McKenzie v. Mental Health Care, Inc., 43 So.3d 767, 769-70 (Fla. 1st DCA 2010), this Court, at length, discussed section 440.093 and concluded that the Legislature described four situations in which mental or nervous injuries may arise in the workplace, two of which would be compensable and two of which were not. In both instances where the mental or nervous injury is compensable, a compensable physical injury is required. Id. It is only when there is no compensable physical injury arising out of the accident that a mental or nervous injury that may otherwise be associated with the accident is not compensa-ble. Id.
In reaching the conclusion that the current statute’s use of the term “physical limitation” does not preclude consideration of psychiatric limitations, we are mindful of the canon of statutory construction that presumes the Legislature is aware of case law. See City of Hollywood v. Lombardi 770 So.2d 1196, 1202 (Fla.2000) (noting that “the legislature is presumed to know the judicial constructions of a law when enacting a new version of that law” and “[fjurthemore, the legislature is presumed to have adopted prior judicial construction of a law unless a contrary intention is expressed in the new version”) (citations omitted). Here, there appears to be no such contrary intention expressed because, in the same round of amendments that *590 produced section 440.093, the Legislature opted to place a limit on the duration of temporary disability benefits payable in association with a compensable psychiatric injury. See § 440.093(3), Fla. Stat. (2003) (“in no event shall temporary benefits for a compensable mental or nervous injury be paid for more than 6 months after the date of maximum medical improvement for the injured employee’s physical injury or injuries”). There is no similar limitation placed on the payment of PTD benefits.
Our reliance here on pre-1994 case law is in keeping with our determination in Ferrell Gas v. Childers, 982 So.2d 36, 37 (Fla. 1st DCA 2008), that a claimant’s vocational abilities are relevant in determining whether an award of PTD benefits is appropriate. Specifically, the Childers Court stated that “[ujnder the pre-1994 version of section 440.15(l)(b), [PTD] benefits may be based on physical restrictions and vocational factors which combine to preclude the level of work provided in the statute. The pertinent language in the current version of section 440.15(l)(b)[, Florida Statutes (2004),] is similar to the language under which this court has recognized that it is appropriate to consider both physical and vocational factors.” Id. (citations omitted).
AFFIRMED.
THOMAS, J„ and NORTON, VIRGINIA B., Associate Judge, concur.

. We find it somewhat incongruous, given the E/C's focus on this issue at oral argument, that it was the E/C who sought appointment of an expert medical advisor based on a disagreement in the medical opinions as to Claimant's ability to work from a psychiatric standpoint.

. The statutory language in 1980 was, in relevant part, substantially similar to the 1993 language — -"In such other cases, no compensation is payable ... if the employee is engaged in, or is physically capable of engaging in, gainful employment; and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation.” § 440.15(l)(b), Fla. Stat. (Supp. 1980).