PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in denying com-pensability of her post-traumatic stress disorder (PTSD). Because the JCC conflated the standard for determining whether a mental or nervous injury arose out of an employment-related accident with whether a mental or nervous injury occurred as a manifestation of a compensable physical injury, we reverse and remand for application of the correct standard. In *1158 addition, it is unclear whether the JCC applied the correct standard in determining whether the Employer/Carrier (E/C) was estopped, under section 440.20(4), Florida Statutes (2010), from denying com-pensability of the PTSD. If necessary on remand, this issue should also be reconsidered by the JCC.

Compensability of Claimant’s PTSD

Claimant, a pharmacist, was at work on October 19, 2010, at 3 a.m., when an armed robber entered the store. Claimant was six months pregnant at the time. The gunman ordered Claimant to get down on the floor; Claimant, however, attempted to flee. In this attempt, Claimant fell, landing on her stomach.
The JCC found that Claimant sustained a compensable physical injury to her right knee, albeit a minor one, at the time of the accident for which Claimant received treatment at an emergency room on the date of the accident. The JCC also found Claimant was subsequently diagnosed with PTSD by Dr. Abraham, a psychiatrist authorized by the E/C. The JCC further found that Dr. Abraham causally related the PTSD to the events occurring on October 19, 2010, not to any physical injury suffered on that date. The JCC also found Dr. Kolin, another psychiatrist authorized by the E/C, shared these opinions.
Section 440.093(1), Florida Statutes (2010), the statutory provision applicable here, provides:
A mental or nervous injury due to stress, fright, or excitement only is not an injury by accident arising out of the employment. Nothing in this section shall be construed to allow for the payment of benefits under this chapter for mental or nervous injuries without an accompanying physical injury requiring medical treatment. A physical injury resulting from mental or nervous injuries unaccompanied by physical trauma requiring medical treatment shall not be compensable under this chapter.
Section 440.093(2), Florida Statutes (2010), is not applicable here because the relevant mental or nervous injury did not “occur[ ] as a manifestation of an injury compensa-ble under this chapter.”
Section 440.093 was addressed at length by this Court in McKenzie v. Mental Health Care, Inc., 43 So.3d 767 (Fla. 1st DCA 2010). The McKenzie court determined that, with the addition of section 440.093 in 2003, the Legislature described four situations in which mental or nervous injuries may arise in the workplace. Id. at 769. The situation presented under the facts as found here by the JCC most closely parallels the second sentence in section 440.093(1). The McKenzie court determined that:
This second provision recognizes and makes compensable mental or nervous injuries that accompany a separate physical injury serious enough to require medical treatment. Critically important to the interpretation of this provision is the recognition that a workplace accident can cause an employee to suffer both a physical injury and a separate mental or nervous injury. The statute sets conditions regarding standards and proof requirements, but generally if a separate mental or nervous injury occurs at the same time as a physical injury requiring medical treatment, the mental or nervous injury will also be compensable. For example, if an employee, in the course and scope of employment, is sexually assaulted at the workplace and suffers a physical injury that requires medical treatment, the physical injury is certainly compen-sable. See § 440.09, Fla. Stat. (2007). If the employee also suffers a mental or nervous injury separate and apart from the physical injury, the mental or ner *1159 vous injury would be compensable because it would meet the section 440.09 requirements and also comply with section 440.093(1). In this hypothetical situation, the employee would have simultaneously suffered two compensable workplace injuries: one physical and one mental.
Id. Based on statutory language, as explained by the McKenzie court, the JCC here erred in denying compensability of Claimant’s PTSD based on the finding that no competent substantial evidence established that the PTSD “was the natural or unavoidable result [of Claimant’s] minor physical injuries treated at the emergency room on 10/19/2010.” For this reason, we reverse the appealed order, and remand for additional proceedings.

Application of section M0.20U)

In addition to the foregoing basis for reversal, Claimant also asserts that the JCC applied the wrong legal standard and, thus, erred by concluding the E/C was not estopped by operation of section 440.20(4) from denying compensability of the PTSD. For the reasons that follow, we agree with Claimant’s argument, and direct the JCC to reconsider on remand Claimant’s estop-pel argument, if necessary.
Claimant first sought psychiatric treatment in the summer of 2012 and the E/C authorized an evaluation that took place on July 11, 2012. At that time, Dr. Abraham, the evaluating psychiatrist, determined that Claimant was suffering from PTSD caused by the October 2010 accident and the doctor began a course of treatment, which the E/C paid for. Significantly, the E/C did not deny compensability of Claimant’s PTSD within 120 days from the date that treatment was initially provided for this condition.
Claimant sought compensability of her PTSD independent of her physical injury. It was of no consequence that compensa-
bility was sought long after the date of the accident; the relevant inquiry is whether the E/C denied compensability within 120 days of first providing treatment for the PTSD. See Bynum Transp., Inc. v. Snyder, 765 So.2d 752, 754 (Fla. 1st DCA 2000) (holding section 440.20(4) applies to any claim for compensability of any injury made following date of accident, not just first claim). Thus, the E/C had to deny compensability of the PTSD within 120 days of July 11, 2012, “unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period.” § 440.20(4), Fla. Stat. (2010). It is unclear why the JCC rejected Claimant’s argument that the “120-day pay and investigate rule” as set out in section 440.20(4), precluded the E/C from denying compens-ability of her PTSD as of the March 2013 merits hearing.
If necessary on remand, the JCC should apply the correct analysis and determine whether the E/C timely denied compensa-bility of Claimant’s PTSD or sufficiently demonstrated facts relevant to the issue of compensability that it could not have discovered within the 120 days following its initial provision of treatment for this condition.
REVERSED and REMANDED with directions that the JCC apply the correct standards to determine whether Claimant’s PTSD is compensable.
CLARK, MAKAR, and OSTERHAUS, JJ., concur.