IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

**CVS CAREMARK CORPORATION AND GALLAGHER BASSETT SERVICES, INC.,**

      Appellants,

v.

**SHARON MCINTOSH,**

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4703

_____/

Opinion filed May 22, 2015.

An appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident: October 19, 2010.

James H. Wyman of Hinshaw & Culbertson, LLP, Coral Gables, and Jennifer Armstrong of Hinshaw & Culbertson, LLP, Jacksonville, for Appellants.

Bill McCabe, Longwood, and Christopher V. Puleo, Jacksonville, for Appellee.

PER CURIAM.

In this workers' compensation case, the Employer/Carrier (E/C) challenges an award of psychiatric care entered by the Judge of Compensation Claims (JCC) on remand from the appeal in <u>McIntosh v. CVS Pharmacy</u>, 135 So. 3d 1157 (Fla. 1st DCA 2014). In her cross-appeal, Claimant seeks to reverse the denial of claims for temporary total disability (TTD) and inpatient psychiatric care. We affirm the award of psychiatric care because the JCC did not err when he ruled that the E/C waived its right to challenge compensability of Claimant's post-traumatic stress disorder (PTSD) under section 440.20(4), Florida Statutes (2010), based on its failure to show material facts that could not have been discovered through a reasonable investigation within the applicable 120-day time period. For that reason, we do not reach the issues raised on cross-appeal concerning any alternate theory of compensability. We reverse, however, the denial of the claims for TTD and inpatient psychiatric care and remand for further proceedings in accordance with this opinion.

The E/C here originally authorized Dr. Abraham, psychiatrist, to provide Claimant with psychiatric care related to her compensable injury. In October of 2012, the E/C transferred Claimant's care to Dr. Kolin, an authorized psychiatrist, who, as found by the JCC, opined that Claimant's workplace accident caused PTSD leaving her temporarily and totally unable to work. The JCC ultimately rejected Dr. Kolin's opinion that Claimant is TTD because the doctor failed to take into account that Claimant had, for periods other than those for which disability benefits were

2

sought, returned to work with the Employer after the workplace accident, continued to work without lost time (except for childbirth), resigned in May of 2011, and thereafter worked for Wal-Mart, without a loss in time, until a leave of absence in August 2012. The JCC indicated further that he did not find Claimant's testimony concerning her ability to work to be credible and believed that she was not working for reasons unrelated to her workplace accident. Because he found "no credible medical evidence of disability or inability to work," the JCC denied the claim for TTD.

The denial of TTD benefits was error. Claimant met her initial burden by submitting medical evidence from Dr. Kolin, in his status as an authorized physician, indicating an inability to work due to her compensable PTSD. Once Claimant submitted such evidence, the burden shifted to the E/C to submit medical evidence that Claimant's work status had in fact changed from temporary total disability. See Campbell v. L & C Constr., 869 So. 2d 708, 708-09 (Fla. 1st DCA 2004) (reversing JCC's denial of TTD benefits because no competent substantial evidence (CSE) supported change in work status). The E/C submitted no such medical evidence for the time periods at issue here.

It is also irrelevant that the JCC ultimately rejected Dr. Kolin's opinion concerning Claimant's work status. This Court has previously held that "the resolution of the issue of claimant's entitlement to TTD benefits does not turn on the

3

JCC's prerogative as fact-finder to accept a particular expert's testimony. . . but rather on whether claimant should have reasonably relied on the instructions given her by her authorized treating physician." Fla. Hosp. Deland v. Wagner-Vick, 940 So. 2d 588, 590 (Fla. 1st DCA 2006). See also Garcia-Vina v. U.S. Holiday Health & Recreation, 634 So. 2d 200, 201 (Fla. 1st DCA 1994) ("This court has repeatedly held that even in the absence of medical evidence that a claimant was TTD or that claimant searched for but could not find work, TTD benefits should nevertheless be awarded where it is shown that claimant's physician never communicated to the claimant that he or she was released to return to work."). Because the JCC overlooked the applicable law and made no finding that would overcome Claimant's reliance on the work status assigned by Dr. Kolin in October of 2012, the denial of TTD through the date of the final hearing must be reversed.

The JCC also denied a claim for inpatient psychiatric care. As found by the JCC, Dr. Kolin testified that such care was reasonable and medically necessary, but appeared to qualify his recommendation "by saying that she should be at least authorized to be evaluated in such a facility to determine whether such intensive treatment would accommodate her PTSD." In the appealed order, the JCC awarded Claimant ongoing psychiatric care, but denied the inpatient psychiatric care because "Dr. Kolin's opinion in that regard [was] not sufficiently convincing that said treatment is needed and because his overall testimony was discounted." A JCC may

4

reject the unrefuted testimony from a doctor as unreliable, but must give a valid reason. Vadala v. Polk Cnty. Sch. Bd., 822 So. 2d 582, 584 (Fla. 1st DCA 2002). Here, the JCC's reasons for rejecting Dr. Kolin's recommendation for inpatient care are by all appearances conflicting because the JCC presumably relied on Dr. Kolin's recommendation when he awarded ongoing psychiatric care and it is unclear how he parsed the doctor's testimony to limit the award of psychiatric care in this way. In particular, the JCC concluded that Claimant did not need in-patient psychiatric care because Dr. Kolin's testimony was not convincing, in part, because the doctor recommended, alternatively, an evaluation by an inpatient facility for such care. This reasoning does not detract from the medical opinion at hand but, rather, supports the need for at least an evaluation for inpatient care. For this reason, we reverse and remand for further clarification of the denial of the recommended inpatient care and for consideration of the alternate recommendation for an evaluation to determine the value of inpatient care to treat Claimant's compensable PTSD.

For the foregoing reasons, the order on appeal is AFFIRMED in part and REVERSED in part with REMAND for further proceedings in accordance with this opinion.

WOLF, WETHERELL, and BILBREY, JJ., CONCUR.

5