PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) awarding benefits to Claimant, including an upward adjustment to the average weekly wage (AWW), temporary partial disability (TPD) benefits, temporary total disability (TTD) benefits, and penalties, interest, costs, and attorney’s fees. The E/C raises four points on appeal: that the JCC should not have admitted into evidence the report of Claimant’s independent medical examiner; that the JCC should have found Claimant voluntarily limited her income (and thus denied TPD benefits); that the JCC should not have awarded TTD benefits for Claimant’s psychiatric injury; and that the JCC should not have awarded attorney’s fees on the upward adjustment of AWW. We affirm the first two points without further comment. We affirm the fourth point as not yet ripe because the JCC has not yet determined the amount of the fee attributable to the AWW adjustment. We reverse in part the award of TTD benefits challenged on the third point, for the reasons that follow.
The E/C contends that the award of TTD benefits contravenes section 440.093(3), which reads:
Subject to the payment of permanent benefits under s. 440.15, in no event shall temporary benefits for a compensa-ble mental or nervous injury be paid for more than 6 months after the date of maximum medical improvement for the injured employee’s physical injury or injuries, which shall be included in the period of 104 weeks as provided in s. 440.15(2) and (4). Mental or nervous injuries are compensable only in accordance with the terms of this section.
§ 440.093(3), Fla. Stat. (2006). In this case, it is undisputed that Claimant’s com-pensable physical injury to her arm reached maximum medical improvement on January 9, 2014; that she was receiving impairment benefits based on her twenty-percent permanent impairment rating; that it was not until July 3, 2014, that Claimant obtained an admissible medical opinion that the compensable injury was the major contributing cause of her PTSD; and that the PTSD renders her temporari *867 ly totally disabled. The JCC awarded her TTD benefits “from July 3, 2014 and continuing so long as she remains entitled to same, and subject to the limitations set forth in Section 440.093(3),” which, the JCC ruled, “should be construed as a cumulative period limiting the total number of months of benefits such benefits are payable after an injured worker reaches physical MMI, and not a consecutive month period.”
There is no question that the TTD award here is subject to section 440.093(3); the statute applies here because Claimant received impairment benefits. See W.G. Roe & Sons v. Razo-Guevara, 999 So.2d 708 (Fla. 1st DCA 2008). But we find error in the JCC’s interpretation of the statute. See, e.g., Lombardi v. S. Wine & Spirits, 890 So.2d 1128, 1129 (Fla. 1st DCA 2004) (holding statutory interpretation is subject to de novo review).
In contrast to the JCC’s understanding, we read section 440.093(3) to set a strict deadline after which no TTD benefits are payable on psychiatric injuries. The plain language of the statute marks a date on the calendar, or starts a clock that stops six months to the day after the date of physical MMI. See, e.g., Perez v. Rooms To Go, 997 So.2d 511, 512 (Fla. 1st DCA 2008) (holding that, in construing statute, courts must first look to its plain language). The JCC drew a contrast between the operative language in section 440.093(3) — “in no event shall [the benefits] be paid for more than 6 months after [the date of physical MMI]” — and the operative language in section 440.15(2), which limits catastrophic TTD benefits by stating they “must not extend beyond 6 months from the date of accident” and which the JCC concluded was “a clear consecutive month calendar period limitation.” But to us the two statutes are more alike than dissimilar, and it appears significant that they both use the word “months” in contradistinction to the use of the word “weeks” in other statutes. Cf., e.g., Auman v. Leverock’s Seafood House, 997 So.2d 476, 478 (Fla. 1st DCA 2008) (reaffirming that 104-week cap on temporary disability benefits, found in section 440.15, Florida Statutes, creates “bank” from which benefits are drawn and calculated cumulatively).
Applying section 440.093(3) to the instant case, then, results in an award of TTD benefits from July 3, 2014, through July 9, 2014, the latter date being six months after Claimant attained physical MMI. Consequently, the JCC’s award of TTD benefits for the period beyond July 9, 2014, is reversed, and the case is remanded for entry of an order in accordance with this result.
Our holding should provide some measure of predictability for the bench and bar alike. To the extent this holding may lead to results in some cases that contravene the purpose of the Florida Workers’ Compensation Law to “assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer,” § 440.015, Fla. Stat. (2006), we leave it to the Legislature to remedy the situation. “[I]f the legislature did not contemplate such a result, it can always amend the statute to make its purpose clear.” Auman, 997 So.2d at 479 (Webster, J., concurring).
AFFIRMED in part, REVERSED in part, and REMANDED.
ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.