IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SILVIA C. GONZALEZ,

    Appellant,

v.

VISA and TRAVELERS,

    Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4512

Opinion filed December 12, 2016.

An appeal from an order of the Judge of Compensation Claims.
Robert D. McAliley, Judge.

Date of Accident: March 16, 2012.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, and Albert Marroquin of Richard E. Zaldivar, P.A., Miami, for Appellant.

Steven H. Preston of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for Appellees.

PER CURIAM.

In this workers' compensation case, Claimant challenges an order of the Judge of Compensation Claims (JCC) that denied her claim for additional temporary total disability (TTD) and temporary partial disability (TPD) benefits beyond the 104-week cap imposed by subsections 440.15(2) and (4), Florida Statutes (2011), and

also denied associated penalties, interest, costs, and attorney's fees (PICA). We affirm the denial of TTD and accompanying PICA because no party challenged the JCC's finding of fact that no medical evidence supports that claim. We reverse the denial of TPD benefits and accompanying PICA for the reasons that follow.

The Florida Supreme Court has held, in Westphal v. City of St. Petersburg, 194 So. 3d 311 (Fla. 2016), that the 104-week limitation set forth in subsection 440.15(2), as applied to a TTD recipient, is an unconstitutional deprivation of access to the courts. Westphal's reasoning was recently extended to subsection 440.15(4), which applies to TPD recipients, by this Court in Jones v. Food Lion, Inc., 41 Fla. L. Weekly D2490 (Fla. 1st DCA Nov. 9, 2016). Claimant here seeks TPD benefits from September 24, 2014, through August 24, 2015. The JCC in the instant case denied Claimant's claim because Claimant had already received 104 weeks of temporary indemnity; under the current state of the law, this was error.

The JCC made the additional finding of fact, unchallenged by any party, that Claimant "was partially disabled through July 9, 2015," and "reached actual MMI [maximum medical improvement] shortly after . . . July 9." Accordingly, on remand, the JCC is instructed to determine whether Claimant reached MMI before August 24, 2015, and if so, when, and to award TPD benefits and associated PICA for any weeks between September 24, 2014, and August 24, 2015, that are prior to Claimant's attainment of MMI, on authority of Westphal and Jones.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

RAY, WINOKUR, and JAY, JJ., CONCUR.