UTOPIA HOME
CARE/GUARANTEE
INSURANCE COMPANY,

    Appellants/Cross-Appellees,

v.

BEATRIZ ALVAREZ,

    Appellee/Cross-Appellant.
_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1696

Opinion filed September 5, 2017.

An appeal from an order of Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: April 6, 2011.

Paulette Z. Brown and Ben H. Cristal of Cristal Hanenian, Tampa, for
Appellants/Cross-Appellees.

Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, and Bradley G. Smith of
Smith, Feddeler & Smith, P.A., Lakeland, for Appellee/Cross-Appellant.

PER CURIAM.

The issue before us is the proper interpretation of section 440.093(3), Florida

Statutes (2011). Under the plain meaning of the statute, which we will discuss before

applying it to the facts of this case, we reverse.

**Benefits for Mental or Nervous Injury.**

At all pertinent times, section 440.093(3) has provided as follows:

>    Subject to the payment of permanent benefits under s. 440.15, in no event shall temporary benefits for a compensable mental or nervous injury be paid for more than 6 months after the date of maximum medical improvement for the injured employee's physical injury or injuries, which shall be included in the period of 104 weeks as provided in s. 440.15(2) and (4). Mental or nervous injuries are compensable only in accordance with the terms of this section.

Section 440.093(3) must be interpreted *in para materia* with the subsections that immediately precede it and the sections expressly referenced within it. *See Cecil W. Perry, Inc. v. Lopez*, 425 So. 2d 180, 181 (Fla. 1st DCA 1983) (reading parts of pertinent subsection of workers' compensation act *in para materia* to arrive at proper construction); *White v. City of Jacksonville*, 413 So. 2d 95, 96 (Fla. 1st DCA 1982) (same). The subsections immediately preceding section 440.093(3) emphasize the requirement of an "accompanying physical injury requiring medical treatment" before payment of benefits for mental or nervous injuries is allowed. § 440.093(1), Fla. Stat. (2011). Mental or nervous injuries must be demonstrated by "clear and convincing medical evidence by a licensed psychiatrist," and the compensable physical injury must "be and remain the major contributing cause of the mental or nervous condition." § 440.093(2), Fla. Stat. (2011).

The reference to section 440.15, Florida Statutes (2011), at the beginning of section 440.93(3)—"[s]ubject to the payment of permanent benefits under s.

2

440.15"—likewise requires a connection between mental or nervous injuries and an underlying compensable physical injury that is permanent in nature. Section 440.15 provides for payment of permanent benefits for permanent total disability or for permanent impairments remaining after the date of maximum medical improvement ("MMI"). § 440.15(1), (3) Fla. Stat. (2011). Thus, when a claimant attains physical MMI and the physical injury qualifies for a permanency rating, the claimant is entitled to, and "subject to the payment of permanent benefits" under, section 440.15.[1]

The dispute before us involves the next phrase in section 440.093(3): "in no event shall temporary benefits for a compensable mental or nervous injury be paid for more than six months after the date of maximum medical improvement for the injured employee's physical injury or injuries . . . ." The issue is whether this six-month period is a bank of time that, subject to the payment of permanent benefits, can be awarded at any time after the claimant reaches physical MMI; or whether it is a calendar-based limitation that begins upon physical MMI and expires six months later. Our prior cases addressing the issue treat the six-month period as a calendar-based limitation, and we adhere to that interpretation.

---

[1] Not all compensable physical injuries at the date of MMI are permanent in nature and qualify for a permanent impairment rating under the applicable impairment rating guidelines. *See* § 440.15(3)(b)-(c), Fla. Stat. (2011). If at the date of MMI the physical injury does not qualify for a permanent rating, the Claimant is not eligible for permanent benefits under section 440.15.

In *School Board of Lee County v. Huben*, 165 So. 3d 865 (Fla. 1st DCA 2015), we construed the statute according to its plain meaning, as we must. *Id.* at 867 ("in construing statute, courts must first look to its plain language") (citing *Perez v. Rooms To Go,* 997 So. 2d 511, 512 (Fla. 1st DCA 2008)). We concluded that the plain meaning of the statute required us to reject the "bank of time" interpretation of the six-month limit in section 440.093(3) in favor of a strict calendar-deadline interpretation:

> In contrast to the JCC's understanding, we read section 440.093(3) to set a strict deadline after which no [temporary total disability] benefits are payable on psychiatric injuries. The plain language of the statute marks a date on the calendar, or starts a clock that stops six months to the day after the date of physical MMI.

*Huben*, 165 So. 3d at 867. In *Huben*, the claimant reached MMI on her compensable physical injury on January 9, 2014. *Id.* at 866. She had a twenty-percent permanent impairment rating and was receiving impairment benefits based on that rating. *Id.* On July 3, 2014, five months and twenty-four days later, she for the first time obtained the requisite medical opinion that she had a compensable mental injury. *Id.* The JCC in *Huben* treated the six-month period of section 440.093(3) as a bank of time that could commence upon the date of the medical opinion as to compensable mental injury. *Id.* We rejected that interpretation, instead applying the statute as plainly written to have started the clock on the date of the claimant's MMI, leaving her eligible to be compensated for only six days' worth of psychiatric benefits. *Id.*

4

Our interpretation in *Huben* was consistent with our observation in an earlier case that the six-month limit is durational. *Sarasota Cty. Sch. Bd. v. Roberson*, 135 So. 3d 587, 590 (Fla. 1st DCA 2014) ("[T]he Legislature [in 2003 amendments] opted to place a limit on the duration of temporary disability benefits payable in association with a compensable psychiatric injury.").

Under *Huben*, claimants who do not manifest potentially compensable mental or nervous injuries before or within six months after reaching physical MMI are not eligible for temporary mental health disability benefits. Likewise, claimants who manifest such mental or nervous injuries before or immediately after reaching physical MMI, but who do not immediately obtain the required medical opinion of compensability for qualifying mental injuries, may have little or no time left in that indemnity benefits window.[2] This may seem unfair in the abstract, and we noted in *Huben* that a plain-meaning application of section 440.093(3) may lead to results at odds with the overall purpose of the workers' compensation law. *Huben*, 165 So. 3d at 867. However, the limited grant of eligibility for mental-health benefits in section 440.093 is an exception to the general rule of non-compensability for such injuries, and limiting that exception is within the province of the Legislature. Limiting the

---

[2] We acknowledge that the second sentence of section 440.093(1), Florida Statutes, provides for a mental or nervous injury accompanying a physical injury that may constitute its own separate injury independent of the compensable physical injury. *See McKenzie v. Mental Health Care/Summit*, 43 So. 3d 767 (Fla. 1st DCA 2010). However, no independent mental or nervous injury is asserted here.

availability of post-physical MMI temporary mental-health disability benefits to the six-month period immediately after initial physical MMI has support in logic and is not facially unreasonable. As we expressly stated in *Huben*, the Legislature can amend the statute if it did not contemplate such a result. *Id.* The Legislature has not done so.[3]

*Huben* is not inconsistent with, or limited by, our earlier opinion in *W.G. Roe & Sons v. Razo-Guevara*, 999 So. 2d 708 (Fla. 1st DCA 2008). In *Razo-Guevara*, we noted that the claimant there was not being paid permanent benefits. *Id.* at 709. Interpreting *Razo-Guevara* in light of the plain meaning of the statute and, as consistent with *Huben*, we conclude that *Razo-Guevara* does not create a right to unlimited psychiatric indemnity benefits during times when no permanent benefits are being paid. Such a construction would contravene the clear import of the physical injury and permanency prerequisites to eligibility for mental-health benefits imposed in subsections (1) and (2) of section 440.093. When the Legislature provided in the introductory phrase of section 440.093(3) that post-physical MMI temporary disability benefits for mental or nervous injury are "subject to" payment of

---

[3] Notably, this case does not raise the issue of a subsequent re-assignment of a claimant's physical MMI date and the potential for an increase in the permanent impairment rating qualification due to the decline or worsening of a physical condition requiring the need for further remedial medical care. Accordingly, we do not address that question in this case.

6

permanent benefits under section 440.15, the intent was to limit, not expand, benefits for mental health injuries.

## Applying the Statute to this Case.

In this case, Claimant suffered a compensable shoulder injury and underwent surgery for that injury. She reached physical MMI in January of 2012 and received impairment benefits based on a two-percent permanent impairment rating. The six-month window to obtain post-physical MMI temporary disability benefits for her mental injury opened on that date and closed six months later, in July of 2012; but there is no evidence that Claimant needed such benefits then, and she did not claim them.

However, Claimant continued to report pain, which prompted her doctor to recommend a second surgery, but conditioned on a psychiatric evaluation. The evaluation was completed with a diagnosis of major depressive disorder, for which the compensable accident was the major contributing cause. The Employer/Carrier accepted compensability of the psychiatric condition and provided psychiatric treatment. Due to the worsening of her shoulder injury and the recommendation for a second surgery—a remedial procedure—Claimant was regarded as no longer at MMI as of 2012.  MMI was re-assigned for the shoulder injury to July 26, 2013.[4]

---

[4] The temporary benefits at issue here do not fall within the six-month calendar window of this re-assigned MMI date.

Almost two years later, Claimant sought indemnity benefits for the psychiatric condition, and an expert medical advisor ("EMA") testified at his deposition on January 27, 2016, that Claimant was not yet at psychiatric MMI and should be off work entirely for three months. The JCC awarded Claimant three months of psychiatric benefits to begin on the date of the EMA's deposition, noting the six-month statutory limit.

The parties assert on appeal the same arguments they presented to the JCC. The Employer/Carrier assert that section 440.093(3) limits temporary benefits post-physical MMI for a compensable mental or nervous injury to six months and that a request for such benefit ripens the day after physical MMI is attained—but claim no evidence on this record would support such an award during that time period. Claimant argues that section 440.093(3) does not apply because it applies only to claimants who are receiving permanent impairment benefits during the weeks in which they would be receiving the temporary psychiatric disability payments. Under Claimant's argument, the temporary psychiatric disability benefits that the Legislature intended to limit would instead become unlimited.

We reject Claimant's argument on the direct appeal. While the JCC correctly applied a calendar-based start date for post-physical MMI temporary mental-health disability benefits and ruled that the benefits were subject to the six-month statutory limit, he erred by starting the clock running on the date of the EMA's deposition,

8

over four years after Claimant reached physical MMI initially or two years after the reassigned MMI due to the decline in physical condition and the recommendation for further remedial care. To the extent that the JCC intended to treat the six-month period of section 440.093(3) as a bank of time that could be doled out over an extended period after Claimant reached physical MMI, this was also error and contrary to the plain meaning of the statute and our holding in *Huben*. The statute dictates that temporary psychiatric disability benefits are not payable for dates or time periods later than "six months to the day after the date of physical MMI." *Huben*, 165 So. 3d at 867. Therefore, the award in this particular case—for three months starting January 27, 2016—was reversible error. This is true whether the start date was Claimant's initial physical MMI in January 2012 or the second physical MMI date of July 26, 2013. This construction gives effect to the legislative expression of intent to begin such benefits in close temporal proximity to the causative physical injury and to terminate their availability in six calendar months.

On cross-appeal, Claimant specifically challenges the application of section 440.093(3)'s six-month limitation to her award and challenges the constitutionality of that six-month limit. We reject as premature the cross-appeal arguments because the award on appeal is for a three-month term.

REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings in accordance with this opinion.

ROWE, KELSEY, and JAY, JJ., CONCUR.