# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1988

_____

WILLIAM KNEER,

    Appellant,

    v.

LINCARE and TRAVELERS
INSURANCE,

    Appellees.

_____


On appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: June 30, 2014.


April 3, 2019


OSTERHAUS, J.

In this workers' compensation appeal, Claimant argues that § 440.093(3), Florida Statutes, is unconstitutional, and that the finding that he had no psychiatric work restrictions is unsupported by competent substantial evidence. We affirm.

I.

The facts are not in dispute. Claimant suffered an accident and back injury arising out of work performed in the course and scope of his employment in 2014. After the injury, Claimant underwent extensive back surgery. Claimant reached maximum

medical improvement (MMI) for his back injury in January 2016, with a 10% permanent impairment. He was assigned permanent physical restrictions, including restrictions related to his ability to lift, carry, and stand.

About 18 months later, in August 2017, Claimant filed a petition for benefits (PFB) seeking psychological treatment for depression relating to his back injury. This claim did not arise from a new physical injury, but from the original accident and back injury. The employer/carrier (E/C) accepted compensability and authorized treatment. Claimant then filed a PFB in December 2017, seeking temporary partial disability (TPD) benefits extending back to January 2016, the date of physical MMI, for his mental injury.

The E/C opposed this petition asserting that the temporary disability claim was unsupported by the record and precluded by the workers' compensation statute, which cuts off temporary benefits for psychiatric injuries six months after a claimant reaches physical MMI. *See* § 440.093(3), Fla. Stat. The JCC agreed with the E/C's argument and denied temporary disability benefits, citing § 440.093(3), as well as *Utopia Home Care/Guarantee Insurance Co. v. Alvarez*, 230 So. 3d 72 (Fla. 1st DCA 2017), and *School Board of Lee County v. Huben*, 165 So. 3d 865 (Fla. 1st DCA 2015).

II.

On appeal, Claimant brings a constitutional challenge to § 440.093(3)'s six-month limitation on temporary disability benefits for mental injuries once physical MMI is reached. He argues first that § 440.093(3) unconstitutionally denies his access to the courts, due process, and equal protection by forbidding him from receiving TPD benefits even though his psychiatric injury has not reached MMI. The standard of review for such constitutional challenges is de novo. *See Medina v. Gulf Coast Linen Servs.*, 825 So. 2d 1018, 1020 (Fla. 1st DCA 2002).

Claimant's constitutional challenge is focused on § 440.093(3) of the workers' compensation statute, which reads as follows:

2

Subject to the payment of permanent benefits under s. 440.15, in no event shall temporary benefits for a compensable mental or nervous injury be paid for more than 6 months after the date of maximum medical improvement for the injured employee's physical injury or injuries, which shall be included in the period of 104 weeks[*] as provided in s. 440.15(2) and (4). Mental or nervous injuries are compensable only in accordance with the terms of this section.

Under this section, an injured employee's ability to receive temporary benefits is linked to the existence and duration of the physical injury. First, § 440.093(1) "emphasize[s] the requirement of an 'accompanying physical injury requiring medical treatment' before payment of benefits for mental or nervous injuries is allowed." *Utopia Home Care*, 230 So. 3d at 73; *see also Indian River Cty. Sheriff's Dep't v. Roske*, 417 So. 2d 1161 (Fla. 1st DCA 1982); *see also Superior Mill Work v. Gabel*, 89 So. 2d 794 (Fla. 1956). Then, subsection (3) sets a "strict deadline after which no [temporary disability] benefits are payable on psychiatric injuries . . . . [It] starts a clock that stops six months to the day after the date of physical MMI." *Huben*, 165 So. 3d at 867.

Under the system, injured workers can receive temporary disability benefits for mental injuries that accompany qualifying physical injuries for up to 260 weeks. But if the mental injury outlasts physical MMI, temporary benefits are payable for only six more months after reaching MMI (up to the 260-week maximum).

---

* In *Westphal v. City of St. Petersburg*, 194 So. 3d 311, 327 (Fla. 2016), the Florida Supreme Court revived the pre-1994 statute that provided a 260-week limitation on the entitlement to temporary total disability benefits as set out in section 440.15(2). This result was extended by this Court to the entitlement of temporary partial disability benefits payable under section 440.15(4). *See Gonzalez v. Visa*, 204 So. 3d 987, 987-88 (Fla. 1st DCA 2016); *Jones v. Food Lion, Inc.*, 202 So. 3d 964, 965-66 (Fla. 1st DCA 2016).

In Claimant's case, TPD benefits were not available based on his psychiatric injury because it arose more than a year *after* he reached physical MMI on the back injury. Under § 440.093 and the case law, Claimant missed the window for receiving TPD benefits related to his psychiatric injury. Had Claimant's psychiatric injury developed contemporaneously or closer in time with his physical injuries, he could have qualified for TPD benefits prior to physical MMI, and then for six months after reaching physical MMI. But because his psychiatric injury manifested more than a year after reaching physical MMI, he missed the period in which TPD benefits were available for it.

Dissatisfied with these statutory parameters, Claimant cites *Westphal* and argues that § 440.093(3)'s limitation on temporary benefits for psychiatric injuries violates his constitutional right to access the courts, as well as his due process and equal protection rights. In *Westphal*, the Florida Supreme Court ruled that the workers' compensation statute's 104-week cap on temporary benefits in § 440.15(2)(a) violated article I, § 21, of the Florida Constitution. Mr. Westphal suffered a workplace injury that left him totally physically disabled and unable to work. *Westphal*, 194 So. 3d at 327. After receiving temporary total disability benefits for 104 weeks, the statute terminated benefits, leaving him totally disabled, unable to work, and statutorily prevented from receiving disability wages for an indefinite period, until an employer-authorized doctor determined that he reached MMI. *Id.*

The Florida Supreme Court determined that the statute's 104-week temporary benefits cap denied Mr. Westphal's right of access to courts because it withheld disability benefits indefinitely, at a time "when the worker cannot return to work and is totally disabled." *Id.* at 314. By terminating Mr. Westphal's benefits after just 104 weeks, the Court held that the system did not function as a reasonable alternative to tort litigation. *Id.* It held that 260 weeks of temporary total disability benefits would henceforth be available to Mr. Westphal and others like him, up from the 104 weeks authorized in § 440.15(2)(a). *Id.*

Claimant argues that his situation requires a similar analysis and modification of a statutory limitation, so that he can receive temporary benefits for his lingering psychiatric injury. But we

4

don't read *Westphal* to require this result. In *Westphal*, the Court recognized the existence of a "tipping point" when the diminution of workers' compensation benefits—measured from the 1968 Constitution's adoption of the right of access to courts—renders the workers' compensation system unconstitutional. *Id.* at 323. The Court's chief consideration was whether Florida's workers' compensation system provided a "reasonable alternative to tort litigation." *Id.* (citing *Kruger v. White*, 281 So. 2d 1 (Fla. 1973)). The Court proceeded to measure a 70% reduction in temporary benefits for injured workers since 1968, which applied "even if the worker remains incapable of working for an indefinite period of time." *Id.* at 325. And it concluded that the 104-week limitation was unconstitutional for workers like Mr. Westphal, who couldn't use the tort system to recover for their workplace injury, couldn't work, and faced interim "economic ruination" because their benefits were statutorily cut off during the recovery period until an E/C-appointed doctor declared them to be at MMI. *Id.* at 326.

Claimant's circumstances are different and substantially more favorable than those faced by Mr. Westphal. Unlike Mr. Westphal, Claimant has already qualified for permanent benefits and he can work. Claimant reached physical MMI and received permanent benefits and an impairment rating based on his physical injury. His benefits don't depend upon receiving a favorable decision from an E/C-appointed doctor. Furthermore, Claimant has no work restrictions due to his psychiatric injury. In fact, Claimant's doctors think it's in his best interest from a psychiatric perspective to return to work. These factors make Claimant's situation different from the ruinous situation faced by Mr. Westphal.

Under these circumstances, we see no *Westphal*-type constitutional problem with the statute's limitation on psychiatric benefits. *See* § 440.015, Fla. Stat. (expressing the Legislature's intent that the Workers' Compensation Law be interpreted to assure "the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment"). Although § 440.093(3) draws narrower parameters for receiving temporary benefits for psychiatric injuries than for physical injuries, it does not force claimants to wait indefinitely to receive permanent disability benefits, or

expose claimants to economic ruination while awaiting qualification for permanent benefits, as was Mr. Westphal's situation. *See W.G. Roe & Sons v. Razo-Guevara*, 999 So. 2d 708, 709 (Fla. 1st DCA 2008) (noting that "the six-month limitation on temporary psychiatric benefits is conditioned upon the payment of permanent benefits for the associated physical injury").

Another reason we don't see a constitutional problem with § 440.093(3), is that its six-month-post-physical-MMI limitation on temporary benefits applies only to *psychiatric* injuries, which have historically received less favorable treatment in Florida law. Had Claimant's psychiatric injury arisen closer-in-time to, or contemporaneously with, his related physical injury, he would have qualified to receive TPD benefits. But his psychiatric injury arose more than a year after his physical injury reached maximum improvement, and more than a year after the § 440.093(3) period for receiving temporary benefits had ended. Isolated psychiatric claims have not traditionally been recoverable under Florida's workers' compensation and tort law. For example, benefits have never been available for stand-alone mental injuries without an accompanying physical injury. *See Utopia Home Care*, 230 So. 3d at 73; *Roske*, 417 So. 2d at 1161; *City Ice & Fuel Div. v. Smith*, 56 So. 2d 329, 330 (Fla. 1952). The 1968-era precursor statute to § 440.093 defined "[a]ccident" to exclude "[a] mental or nervous injury due to fright or excitement only." *See* § 440.02(19), Fla. Stat. (1968). And only those psychiatric injuries resulting "directly and immediately" from a physical injury were deemed compensable. *Superior Mill Work*, 89 So. 2d at 795; *see also Franklin Manor Apartments v. Jordan*, 417 So. 2d 1159, 1160 (Fla. 1st DCA 1982) (noting that "[i]t has long been the law in this state that for post-traumatic neurosis to be compensable, it must be the direct and immediate result of the industrial injury"). These limitations reflect similar traditional tort-law limitations on recoveries for psychiatric injuries. *See, e.g.*, *Gilliam v. Stewart*, 291 So. 2d 593, 594 (Fla. 1974) (upholding Florida's "long standing" impact rule that foreclosed recovery for emotional or mental injuries unaccompanied by physical injuries). And so, for purposes of the *Westphal* analysis, Claimant has not demonstrated that § 440.093(3) departs from past workers' compensation limitations, or that it renders Florida's workers' compensation law an unreasonable alternative to tort litigation.

While we recognize that Claimant's psychiatric injury isn't a strictly stand-alone injury, and that it relates back to his prior workplace accident, § 440.093(3)'s application to his circumstances is consistent with how such injuries have been treated under Florida's workers' compensation law since 1968, when the Constitution conferred the right of access to the courts. But even if it wasn't always consistent, the Legislature has flexibility to alter the law's benefit structures, and even reduce benefits, without violating the Constitution's access-to-courts provision. *See Martinez v. Scanlan*, 582 So. 2d 1167, 1171 (Fla. 1991); *Acton v. Ft. Lauderdale Hosp.*, 440 So. 2d 1282, 1284 (Fla. 1983). And we don't think the temporary benefits limitation in § 440.093(3) reduces benefits to the "tipping point" of creating an unconstitutional system. Rather, the system continues providing injured workers "with full medical care and wage-loss payments for total or partial disability regardless of fault and without the delay and uncertainty of tort litigation," at a reasonable cost to employers. *Martinez,* 582 So. 2d at 1171-72.

We likewise reject Claimant's due process and equal protection challenges to § 440.093(3), recognizing the State's legitimate interest in establishing time limits for benefits associated with psychiatric injuries. *See Newton v. McCotter Motors, Inc.*, 475 So. 2d 230, 231 (Fla. 1985) (holding that time limits on workers' compensation death benefits did not violate rights of due process, access to courts, or equal protection).

Finally, we reject Claimant's argument contesting the finding that he lacked psychiatric-based work restrictions. Both psychiatrists who evaluated Claimant opined that he could work and had no work restrictions based on his psychiatric condition. Because competent substantial evidence supports the JCC's finding, this issue is affirmed. *See Ullman v. City of Tampa Parks Dep't*, 625 So. 2d 868, 873 (Fla. 1st DCA 1993) (recognizing that findings regarding work restrictions must be upheld if supported by the evidence).

### III.

For these reasons, the judgment of the JCC is AFFIRMED.

WOLF and JAY, JJ., concur.

7

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Dean Burnetti, Lakeland, and Bill McCabe, Longwood, for Appellant.

Steven H. Preston of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for Appellees.